# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:20-cv-575 |
| **GOOGLE LLC,** | § § § | |
| *Defendant.* | § § | |

## GOOGLE'S MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(6)

## FOR FAILURE TO STATE A CLAIM FOR RELIEF

## **TABLE OF CONTENTS**

I.    Introduction ................................................................................................................... 1

II.   Background .................................................................................................................... 2

    A.    The '928 Patent and Asserted Claim ................................................................. 2

    B.    WSOU's Complaint ........................................................................................... 2

III.  Legal Standard ............................................................................................................... 3

IV.   Argument ....................................................................................................................... 4

    A.    The Complaint Fails to Set Forth a Plausible Claim for Direct Infringement ........................................................................................................ 4

        i.     Plaintiff Alleges That Users Of Google's G Suite Platform Perform Steps Of The Patented Method ................................................... 5

        ii.    Plaintiff Fails To State A Plausible Claim Of Joint Infringement ............. 8

    B.    Plaintiff Fails to State a Plausible Claim for Indirect Infringement .................... 10

        i.     Without Direct Infringement, There Can Be No Indirect Infringement ................................................................................................ 10

        ii.    The Complaint Fails to Allege the Requisite Specific Intent and Action to Support a Plausible Claim for Induced Infringement .............. 10

        iii.   WSOU Has Failed to Make A Plausible Contributory Infringement Claim, and the Complaint's Allegations Foreclose Such a Claim ........... 11

V.    Conclusion ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Affinity Labs of Texas, LLC v. Toyota Motor N.A.*,
    No. 13-365-WSS, 2014 WL 2892285 (W.D. .Tex. 2014) ...................................................... 11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) (en banc) ........................................................................... 3, 4

*Artrip v. Ball Corp.*,
    735 Fed. Appx. 708 (Fed. Cir. 2018) ...................................................................................... 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 3, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 3, 4, 8, 12

*BMC Resources, Inc. v. Paymentech, LP*,
    498 F.3d 1373 ......................................................................................................................... 8

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) ............................................................................................. 11

*De La Vega v. Microsoft Corp.*,
    2020 WL 3528411 (W.D. Tex. 2020) ........................................................................... 8, 9, 10

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................. 10

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fla. 2008) ................................................................................... 9

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012) ....................................................................................... 10, 12

*Iron Oak Techs., LLC v. Dell, Inc.*,
    No. 17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) ....................................... 12

*Lee v. Verizon Communs., Inc.*,
    837 F.3d 523 (5th Cir. 2016) .................................................................................................. 3

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)..........................................................................................4, 8, 9

*OIP Techs., Inc. v. Amazon.com, Inc.*,
   788 F.3d 1359 (Fed. Cir. 2015)....................................................................................................3

*Ricoh Co. Ltd. v. Quanta Comp. Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008)....................................................................................................7

*Sentius Intl., LLC v. Apple Inc.*,
   2020 WL 2850286 (N.D. Cal, 2020) ......................................................................................7, 9

*WiNet Labs LLC v. Apple Inc.*,
   2020 WL 409012 (N.D. Cal. Jan. 24, 2020) ..............................................................................9

**STATUTES**

35 U.S.C. § 271(c) ......................................................................................................................11

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) .......................................................................................1

Federal Rule of Civil Procedure 8(a)(2)                                                                                3

I.       **Introduction**

Plaintiff WSOU Investments, LLC D/B/A/ Brazos Licensing and Development ("WSOU" or "Plaintiff") filed fifteen patent infringement cases in this District against Defendant Google LLC ("Google") on the same day, including this one accusing Google of infringing a patented method of storing contact information in a mobile communication apparatus. WSOU's complaint fails to state a plausible claim for direct infringement.

WSOU accuses Google of direct infringement, but its allegations rely on the actions of a third party *user* of Google's platform (*i.e.*, a G Suite administrator, a person who manages an organization's G Suite account) to perform the claimed method. For example, WSOU alleges that the third party user performs the step of "assigning a plurality of logical levels of a tree structure to respective groups of said contact information." According to WSOU's allegations, whether and how to assign logical levels of a tree structure to respective groups of contact information is up to the user—and the user chooses the number of logical levels to assign. The claimed method also requires the step of  "storing contact information in a logical level of said tree structure being related to said groups of contact information," and, again, WSOU alleges that a third party using the G Suite platform performs this step. Despite relying on a user to perform the claimed steps, WSOU fails to allege joint infringement by Google and the user, let alone plead facts to support a plausible claim that the user's alleged conduct should be attributed to Google. Thus, WSOU has failed to plead facts plausibly showing direct infringement.

Lacking any proper pleading of direct infringement, and for other reasons described below, WSOU's allegations of indirect infringement likewise fail as a matter of law. Google respectfully requests that the Court dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

**II.     Background**

   **A.     The '928 Patent and Asserted Claim**

U.S. Patent Application No. 11/170,730, which issued as U.S. Patent No. 8,559,928 (the "'928 patent"), was filed June 29, 2005.  (Dkt. 1-1 at Cover.)  The '928 patent discloses a mobile communication apparatus and a computer program product which include a memory arranged to hold contact information, items of the contact information are arranged in a tree structure which further includes a plurality of logical levels.  The '928 patent also discloses methods for storing and accessing contact information arranged in this way.  (*Id*. at Abstract.)  The '928 patent aims to improve the handling of contact information from a mobile communication apparatus.

   Claim 9, the only asserted claim, recites:

> A method for storing contact information in a mobile communication apparatus comprising:
>
> assigning a plurality of logical levels of a tree structure to respective groups of said contact information; and
>
> storing contact information in a logical level of said tree structure being related to said groups of contact information,
>
>> wherein contact information at a top logical level of a respective group includes contact information that is common to all lower level contact information belonging to the respective group and
>>
>> wherein an item on the top logical level comprises links to items on a lower logical level which comprises links to items on a further lower logical level.

(Dkt. 1-1 at 6:64-7:10.)

   **B.     WSOU's Complaint**

Plaintiff filed its Complaint (Dkt. 1) against Google LLC on June 29, 2020, alleging infringement of the '928 patent (Dkt. 1-1) by the G Suite Directory.  The Complaint alleges that Google provides Directory for organizations with a G Suite account to allow the administrator of the organization to store contact information of users in the form of an address book/Directory,

and the users can access the Directory using different G Suite applications installed on a mobile communication device. (Dkt. 1 at ¶47.)  The Complaint asserts direct (*id.* at ¶65) and indirect infringement (*id.* at ¶¶67, 68), including both induced infringement (*id.* at ¶67) and contributory infringement (*id.* at ¶68).

### III.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is not plausible unless it is supported by factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  *Id*.  A complaint must provide a defendant fair notice of the plaintiff's claim and the grounds relied upon, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Regional circuit law applies when reviewing a Rule 12 motion to dismiss.  *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015).  The Fifth Circuit "applies the familiar *Twombly*-plausibility standard." *Lee v. Verizon Communs., Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

The *Twombly* plausibility standard applies to claims of direct infringement of a patent. *See Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 714 n.4 (Fed. Cir. 2018).  Moreover, direct infringement only "occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) ("*Akamai V*").

To meet the *Twombly* pleading standard for joint infringement by the combined acts of multiple parties, the Complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. CR. 2017); *Akamai V*, 797 F.3d at 1022-1023 (stating that the "direction or control" of another's performance encompassed a situation where the accused infringer "[1] conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and [2] establishes the manner or timing of that performance."). In *Lyda*, the Federal Circuit dismissed a complaint that failed to set forth factual allegations to support assertions that one entity directed or controlled others. *Id*. Dismissal was proper because there were no allegations that could "form the basis of a reasonable inference that each claim step was performed by or should be attributable to Defendants." *Id*. The same is true here.

**IV.    Argument**

      **A.    The Complaint Fails to Set Forth a Plausible Claim for Direct Infringement**

WSOU alleges that "Google" directly infringes at least asserted claim 9 "by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States," which WSOU defines as Google's G Suite platform. (Dkt. 1 at ¶¶ 45, 65.) WSOU's allegations, however, require that a third party user of the Google G Suite platform perform the steps of the claimed method. Critically, WSOU makes no allegation that the user's alleged actions are controlled by or attributable to Google. Nor could it. There is no factual basis for a reasonable inference of joint infringement, and WSOU's direct infringement claim should be dismissed.

### i.     Plaintiff Alleges That Users Of Google's G Suite Platform Perform Steps Of The Patented Method

Despite alleging direct infringement by Google alone, WSOU relies on the actions of a third party "administrator" using Google's G Suite platform to complete the method steps. The following chart identifies actors as alleged in the Complaint:

| Claim Element | Allegation in Complaint | Actors Identified |
|---|---|---|
| A method for storing contact information in a mobile communication apparatus comprising: | "**Google provides** Directory for organizations with a G Suite account. This allows the **administrator** of the organization to **store** contact information of users in the form of an address book/Directory. An organization's user can access the Directory using different G Suite applications (e.g. Contacts, Gmail, calendar) installed on a mobile communication device such as Android devices (e.g. Pixel phones), Chromebooks, or through the web." (¶ 47). | "Administrator" (third party user) |
| assigning a plurality of logical levels of a tree structure to respective groups of said contact information; and | "**An admin** can create multiple organizational units for different groups in a hierarchy (or logical levels)." (¶ 53).<br>"**A G Suite administrator** can compose organizational units (or groups) of an organizational tree in the form of **logical and hierarchical structure** (or logical levels). In this manner, the organizational units (or groups) with users' contact information are **assigned** with **different logical levels** in a G Suite Directory." (¶ 57).<br>"G Suite provides a mobile device management policy for **administrators to manage** devices and ensure the organization's security." (¶ 49).<br>"An **administrator** can add a user's contact information such as phone numbers or email addresses using the Directory section in G Suite **Admin console**. The admin can also add profile information for multiple uses through the G Suite **Admin SDK** Directory API or Google Cloud Directory Sync." (¶ 51).<br>"**A G Suite admin** can create an organizational unit named "Sales" under the parent | "Administrator" (third party user) |

| Claim Element | Allegation in Complaint | Actors Identified |
|---|---|---|
| | organization "yourdomain.com."  Here, the Sales unit will inherit the settings from the parent organization."  (¶ 54).<br>"**The administrator** can also add profile information for different existing users in a Directory directly to any Organizational unit (or group)."  (¶ 60).<br>"The parent organization includes profile information of all users.  The user information can be **assigned** to different organizational units (or groups)."  (¶ 55).<br>"The organizational tree includes different organizational units (or groups) and provides **a logical and hierarchical structure** where the organizational units are placed at **different logical levels**."  (¶ 61). | |
| storing contact information in a logical level of said tree structure being related to said groups of contact information, | "Google **provides** Directory for organizations with a G Suite account.  This allows the **administrator** of the organization to **store contact information** of users in the form of an address book/Directory."  (¶ 47).<br>"A G Suite Directory provides storing contact information for different user profiles."  ( ¶ 58). | "Administrator" (third party user) |
| wherein contact information at a top logical level of a respective group includes contact information that is common to all lower level contact information belonging to the respective group, and | "The top logical level includes contact information that is common to all lower levels.  For example, the top-level in an organization tree (e.g. yourdomain.com) includes contact information for all the users in the organization.  These users can be present in different units at the below level too."  (¶ 62).<br>"The organizational units **inherit settings from their parent organization**.  For example, users in an organizational unit named "Sales" created under "yourdomain.com" will have the same permissions and settings as users in the parent."  (¶ 63). | "Administrator" (third party user) |
| wherein an item on the top logical level comprises links to items on a lower logical level which | "This shows that items on the top logical level comprise links to items on a lower logical level which comprises links to items on a further lower logical level."  (¶ 63). | "Administrator" (third party user) |

| Claim Element | Allegation in Complaint | Actors Identified |
|---|---|---|
| comprises links to items on a further lower logical level. | | |

As set forth above, WSOU alleges that all steps in asserted claim 9 are performed by a third party user of the G Suite platform—the "administrator" of an organization with a G Suite account. The first step is "assigning a plurality of logical levels of a tree structure to respective groups of said contact information." WSOU alleges that an "administrator" "assigns" organizational units (or groups) with users' contact information to create a "plurality of logical levels." Indeed, the excerpts from the Google website on which WSOU relies to support this allegation state that "[i]nitially in your Google Admin console, all your users and devices are placed in a single organizational unit" and " [c]reate as many organizational units as you want—either at the same level or in a hierarchy." (Dkt. 1, ¶ 53.) Thus, according to WSOU's complaint, user action (and choice) is required to perform this step. WSOU further alleges that G Suite Directory "allows the administrator" to perform the next recited step of "storing contact information in a logical level of said tree structure being related to said groups of contact information." (Dkt. 1, ¶ 47) ("Google provides Directory for organizations with a G Suite account. This allows the administrator of the organization to store contact information of users in the form of an address book/Directory."). Accepting WSOU's allegations as true, it is the user who enters and stores the contact information in Google's Directory platform. WSOU's allegations that Google's G Suite Directory platform "provides" or "allows" users to perform the method steps (*e.g.*, Dkt. 1, ¶¶ 47, 58) are insufficient as a matter of law to establish direct infringement by Google. A "party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)." *Ricoh Co. Ltd. v.*

*Quanta Comp. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008); *see also Sentius Intl., LLC v. Apple Inc.*, 2020 WL 2850286 at 6 (N.D. Cal, 2020) (dismissing direct infringement claims where the plaintiff alleged that the Defendant "provides" or "allows" an end user to perform steps of the claim, but did not plausibly plead joint infringement"). Because it relies on actions of a third party user of Google's platform to allege direct infringement of claim 9 by Google, WSOU must properly plead joint infringement to have any claim at all. As explained below, WSOU fails to do so.

### ii. Plaintiff Fails To State A Plausible Claim Of Joint Infringement

Joint infringement requires pleading "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339; *BMC Resources, Inc. v. Paymentech, LP*, 498 F.3d 1373, 1379 (a party is liable vicariously for the acts of another in circumstances showing that the liable party controlled the conduct of the acting party). WSOU fails to meet this standard. *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, *4-*5 (W.D. Tex. 2020) (dismissing with prejudice the infringement claims because the claims required three distinct actors and the original complaint failed to plead any allegations of joint infringement.)

Despite relying on the actions of "administrators" of third party organizations using the G Suite platform to perform the steps of the claimed method (Dkt. 1, ¶¶ 47-63), WSOU fails to allege any facts supporting a claim for joint infringement by Google and those administrators. The Complaint does not include even conclusory allegations that Google exercises direction or control over the administrators or that there is a joint enterprise between Google and those administrators, much less any facts in support of the same. Simply put, the Complaint is devoid

of any factual allegations that even approach the *Twombly* standard as explained in *Lyda* and *BMC Resources*. As a result, this case is even more appropriate for dismissal than in *Lyda*, where the court dismissed a complaint that at least "allege[d] conclusively and without factual support that [defendant] directed or controlled the independent contractors who then directed or controlled the unnamed third parties." *Lyda*, 838 F.3d at 1340.

In *De La Vega*, this Court recently dismissed a complaint under similar facts because, like here, no single actor performed all steps of the asserted method claim and the complaint did not contain any allegations to support joint infringement. 2020 WL 3528411 at *4-*5. There, this Court held that the claims required multiple actors and the original complaint failed to plead any allegations of joint infringement. Like the method claim in *De La Vega*, the plain language of asserted claim 9, as confirmed by WSOU's complaint, establishes that the steps cannot be performed by Google alone. Rather, performance of the claimed method requires at least one actor other than Google (*i.e.*, the administrator users), and WSOU fails to allege that Google directs, controls, or has a joint enterprise with such actors. The Court's reasoning in *De La Vega* applies with full force to this case and warrants the same result.

Other district courts have also granted motions to dismiss complaints having similar shortcomings as WSOU's complaint here. *See Sentius Int'l, LLC* 2020 WL 2850286 (dismissing direct infringement claims where the plaintiff alleged that the Defendant "provides" or "allows" an end user to perform steps of the claim, but did not plausibly plead joint infringement); *WiNet Labs LLC v. Apple Inc.*, 2020 WL 409012, *4 (N.D. Cal. Jan. 24, 2020) (dismissing direct infringement claims because the end user, not the Defendant, had control over the accused product and performed the method steps); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008), dismissed claims of direct infringement because

the Plaintiff had not alleged sufficiently that Defendant was a joint infringer, or that Defendant carried out all the steps of the patented method.

### B. Plaintiff Fails to State a Plausible Claim for Indirect Infringement

As a result of WSOU's failure to set forth a plausible case for direct infringement, its claims of indirect infringement fail as a matter of law. Moreover, WSOU's induced and contributory infringement allegations also fail for the independent reasons discussed briefly below.

#### i. Without Direct Infringement, There Can Be No Indirect Infringement

WSOU cannot set forth a plausible claim for indirect infringement because it fails to set forth a plausible claim for direct infringement. To support a claim for indirect infringement, a plaintiff needs to plead "facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading,* 681 F.3d 1323, 1336 (Fed. Cir. 2012); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement…."); *De la Vega*, 2020 WL 3528411, at *7. For that reason alone, WSOU's claims for indirect infringement should be dismissed.

#### ii. The Complaint Fails to Allege the Requisite Specific Intent and Action to Support a Plausible Claim for Induced Infringement

WSOU also fails to set forth a plausible claim for induced infringement because it does not allege facts to support an inference of the intent required for induced infringement. For claims of induced infringement, the complaint must plead facts that plausibly show the defendant had specific intent to cause another to directly infringe and knew the other's act constituted infringement. *In re Bill of Lading*, 681 F.3d at 1339.

The Complaint alleges no facts that suggest any connection between Google and G Suite admin users to encourage them to assign logical levels of a tree structure to respective groups of contact information. (*See* Dkt. 1, ¶¶ 49, 51, 53, 54, 55, 57, 60, 61 (citing irrelevant websites that do not discuss assigning a plurality of logical levels of a tree structure to contact information). Therefore, WSOU "falls short of showing 'specific intent and action' on behalf" of Google to induce G Suite admin users' infringement of the '585 patent. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven."); *see also Affinity Labs of Texas, LLC v. Toyota Motor N.A.*, No. 13-365-WSS, 2014 WL 2892285, at *7 (W.D. .Tex. 2014) (dismissing induced infringement claims where "Plaintiff does not specify how the marketing and selling activities of Toyota actually induced third-parties to infringe the Asserted Patents. The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents.").

        **iii.**    **WSOU Has Failed to Make A Plausible Contributory Infringement Claim, and the Complaint's Allegations Foreclose Such a Claim**

WSOU not only fails to allege facts supporting a plausible claim of contributory infringement, the facts it does allege preclude a reasonable inference of the same.

Contributory infringement requires that a defendant sell, offer to sell or import "a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 35 U.S.C. § 271(c). Thus, to properly plead a claim for contributory infringement, the

Complaint must allege facts sufficient to infer that any "component" alleged to provide the basis for contributory infringement has no substantial non-infringing use. *In re Bill of Lading*, 681 F.3d at 1337; *see also Iron Oak Techs., LLC v. Dell, Inc.*, No. 17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing contributory infringement claim because "conclusory allegation that '[t]he components provided by [Dell] are not staple articles of commerce suitable for substantial non-fringing use,' (*id*.), is no more than a 'threadbare recital' of one of the elements of a contributory infringement claim"). WSOU also makes no allegations of pre-suit knowledge of the '928 patent. With respect to the remaining two elements, the Complaint recites only: "The Accused Products are especially made or adapted for infringing the '928 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '928 Patent." Dkt.1, ¶ 68. This allegation should be rejected as nothing more than a threadbare recitation of the elements of a contributory infringement claim. *Iqbal*, 556 U.S. at 687; *Twombly*, 550 U.S. at 570.

WSOU's contributory infringement allegations also fail because – as even WSOU's allegations demonstrate – the accused service has substantial noninfringing uses. For example, the G Suite directory service does not require a user to assign a plurality of logical levels of a tree structure to any group of contact information as required by the assigning step in claim 1. (*See e.g.*, Dkt. 1, ¶¶ 53, 61(citing a web page titled "How the organizational structure works", available at: https://support.google.com/a/answer/4352075).)[1] According to WSOU's allegations, a G Suite admin user can store all users in a single organizational unit, or choose to

---

[1] Moreover, the G Suite storage structure of organizational units and access groups described in the website excerpt that WSOU relies on to support its allegations is not a tree structure.

add additional organizational units.  *Id*.  It is simply not plausible to allege that G Suite Directory has no substantial non-infringing uses.

## V.     Conclusion

Google respectfully requests that Plaintiff's Complaint be dismissed with prejudice for the foregoing reasons.

Dated:  September 11, 2020                          Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler. Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Tharan Gregory Lanier (*pro hac vice* pending)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

ATTORNEYS FOR DEFENDANT
GOOGLE, LLC

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 11, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

/s/ *Michael E. Jones*
Michael E. Jones
