**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-CV-00575-ADA** |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **PATENT CASE** |
| **v.** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

There is no merit to Google LLC's ("Google's" or "Defendant's") allegation that the Complaint filed by WSOU Investments, LLC ("WSOU") fails to state a plausible claim for direct infringement of U.S. Patent No. 8,559,928 (the "'928 patent"). Defendant selectively ignores allegations in the Complaint that would defeat its motion, Defendant takes an intentionally obtuse reading of the allegations in the Complaint, and Defendant is purposefully silent at least as to its own use of its own products, and its configuration of its own products for others. Defendant's challenges to indirect infringement also fail for reasons discussed below.

## ARGUMENT

### I.    Legal Standard

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). A claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [it] could prove consistent with the allegations in the complaint." *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)); *Altman*, 2012 WL 4033336, at *1. In other words, it must appear beyond doubt that the plaintiff can prove no set of facts in support of their claim entitling them to relief. *Griffith v. Kroger Co.*, No. 9:05-CV-76-TH, 2008 WL 11347989, at *2 (E.D. Tex. Mar. 7, 2008) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *see also* ESW HOLDINGS, INC., Plaintiff, v. ROKU, INC., Defendant., 6:19-CV-00044-ADA, 2019 WL 10303653, at *1–2 (W.D. Tex. May 13, 2019).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim has "facial plausibility" and must not be dismissed "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual

allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is inappropriate where fact discovery could affect the court's analysis. *See Syte - Visual Conception Ltd.*, 2020 WL 278481 at *6 (denying Rule 12(b)(6) motion because fact discovery could affect the court's § 101 analysis).

## II.     WSOU alleges a plausible claim for direct infringement.

### A.     The Complaint alleges infringement of all claims of the '928 Patent, including apparatus and product claims

At the outset, Defendant's motion selectively ignores allegations of the Complaint (Dkt. 1) that defeat its motion by failing to acknowledge the existence of any of the claims of the '928 patent other than claim 9. Specifically, Defendant further fails to acknowledge that the Complaint alleges that Defendant "directly infringe[s] **at least one claim** of the '928 patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States". Dkt. 1 ¶ 65 (emphasis added). And while Defendant's arguments here fail even as to a method claim such as claim 9 (as will be further discussed below), Defendant's motion purposefully fails to acknowledge the existence of other claims of the '928 patent, such as independent claims 1 and 23, which are apparatus and product claims:

| Claim 1 of the '928 patent | Claim 23 of the '928 patent |
| --- | --- |
| 1. A mobile communication **apparatus** comprising a memory configured to hold contact information, wherein items of said contact information are stored in groups in the memory, each group having a respective tree structure comprising a plurality of logical levels, wherein contact information at a top logical level of a respective group includes contact information that is common to all lower level contact information belonging to the respective group and wherein an item on the top logical level comprises links to items on a | 23. A **user interface** comprising: a display; and a processing unit configured to present, on the display, items regarding contact information where the items are arranged in groups, each group having a tree structure comprising a plurality of logical levels, wherein contact information at a top logical level of a respective group includes contact information that is common to all lower level contact information belonging to the respective group and wherein an item on the top logical level comprises links to items on a |

| | |
|---|---|
| lower logical level which comprises links to items on a further lower logical level. (Dkt. 1-1 at 6:23-33) (emphasis added) | lower logical level which comprises links to items on a further lower logical level. (Dkt. 1-1 at 8:24-35) (emphasis added) |

As shown above, independent claims 1 and 23 of the '928 patent are apparatus and product claims and infringement by Defendant does not require any performance of steps. *See Hewlett-Packard Co. v. Bausch Lomb, Inc*., 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device *is*, not what a device *does*.") (emphasis in original). For this reason alone, Defendant's motion fails.

### B.    Defendant's motion fails even specifically as to claim 9

Even when considering just claim 9, Defendant's motion takes a legally incorrect and unreasonably myopic reading of the Complaint.

First, the Federal Circuit recently weighed in on the pleading standard for direct infringement under *Iqbal* and *Twombly* in *Disc Disease Sols. Inc. v. VGH Sols*., Inc., 888 F.3d 1256 (Fed. Cir. 2018). In *Disc Disease*, the Federal Circuit found the plaintiff's allegations sufficient because the complaint specifically identified the three accused products and alleged that the accused products met "each and every element of at least one claim" of the asserted patents, either literally or equivalently. *Disc Disease*, 888 F.3d at 1260. Similarly here, WSOU has identified accused products (*see e.g.,* Dkt. 1, ¶ 45) and alleged that "each and every element of at least claim 9 of the '928 Patent is found in the Accused Products." Dkt. 1, ¶ 64. And WSOU has also alleged that "Google directly infringe[s] at least one claim of the '928 patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States." *Id.* ¶ 65.  Therefore, WSOU's similarly pled complaint, as the plaintiff's complaint in *Disc Disease*, is more than sufficient to survive Defendant's motion to dismiss.

Second, Defendant's motion takes an unreasonably myopic reading of the Complaint and fails to acknowledge any of Defendant's own activities (which is one of the purposes of discovery). Defendant's motion argues that the Complaint fails to allege direct infringement because "WSOU

alleges that all steps in asserted claim 9 are performed by a third party user of the G Suite platform—the 'administrator' of an organization with a G Suite account" Mot. at 7. However, Defendant unilaterally, and without explanation, limits the "user" or "administrator" of the accused products to a "third party user". *See* Mot. at 5-8. The Complaint includes allegations that Google "uses" / is "using" the accused products (*see e.g.* Dkt. 1, ¶¶ 45, 65), thereby including Google itself within the scope of the "users" or "administrators" of the accused products. In other words, Google ignores its own use of its accused products and its configuration of its accused products for others (matters about which WSOU intends to obtain discovery).

Additionally, to the extent Defendant is making a claim construction argument, it is generally "inappropriate to resolve a claim construction dispute on a motion to dismiss for failure to state a claim of infringement[.]" *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, 19 CV-07470-LHK, 2020 WL 2084891, at \*6 (N.D. Cal. Apr. 30, 2020); *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, W-19-CV-00257-ADA, 2020 WL 278481, at \*5 (W.D. Tex. Jan. 10, 2020) (finding Rule 12(b)(6) motion to dismiss under § 101 should be deferred until after claim construction). More specifically, dismissal is inappropriate where the court has yet to resolve the legal issue, which Google's motion fails to squarely address, concerning whether claim 1 necessarily requires multiple actors. *See Technology Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 501 (Fed. Cir. 2012) (vacating a summary judgment of noninfringement, and remanding, as to certain claims because the district court erred in finding that the claims required multiple actors and raised a divided infringement issue); *see also Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1367 (Fed. Cir. 2012) (ruling that term "providing" was broad enough that it could cover a customer's setting up the device, and therefore did not require the joint action of the accused infringer selling the device to the customer).

Therefore, in addition to the reasons set forth in Section II.A, above, Defendant's motion further fails at least because (i) the Complaint alleges a plausible claim for direct infringement under *Disc Disease* (*Disc Disease*, 888 F.3d at 1260; *see also Encoditech, LLC v. Citizen Watch*

*Co. of America, Inc.,* 18-cv-1335, Dkt. 33 at 7-8 (WDTX, June 25, 2019)), (ii) because Google ignores its own use of its accused products and its configuration of its accused products for others, and (iii) is premised on an improper and premature claim construction argument.

**III.    WSOU alleges a plausible claim for indirect infringement**

As shown above, the Complaint alleges a plausible claim for direct infringement. Additionally, Defendant's more specific arguments as to induced and contributory infringement also fails, as will be discussed further below. At the outset, as this Court has previously noted, allegations of indirect infringement are a question that "appears to be one for the Court to resolve either at the summary judgment stage or at trial." *Parity Networks, LLC v. Cisco Systems, Inc*., 6-19-cv-00207, Dkt. 23, at 3–4 (WDTX, July 26, 2019).

**A.    WSOU alleges a plausible claim for induced infringement.**

Defendant argues that the Complaint "alleges no facts that suggest any connection between Google and G Suite admin users to encourage them to assign logical levels of a tree structure to respective groups of contact information." Mot. at 11. And Defendant goes on to string-cite numerous paragraphs of the Complaint and simply dismisses them as "irrelevant." *Id.* However, Defendant provides no analysis of its own cited paragraphs of the Complaint, much less the paragraphs of the Complaint that are not merely string-cited and dismissed.

For example, Defendant's motion cites to paragraphs 53 and 61 of the Complaint, but fails to provide any analysis, and fails to acknowledge paragraph 67 of the Complaint. Paragraph 67 of the Complaint alleges, among other things, that Google actively induced infringement "by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products." Dkt. 1, ¶ 67. That same paragraph goes on to list no less than *eleven* websites as examples. *Id.* Specifically, two   of the listed websites are "https://support.google.com/a/answer/4352075", and https://developers.google.com/admin-sdk/directory/v1/guides/manage-org-units (which are also

discussed and reference in at least paragraphs 53 and 61 of the Complaint) which show Google's "encourage[ment]" to "assign logical levels of a tree structure to respective groups of contact information."  (Mot. at 11).

For example, paragraph 53 of the Complaint in part shows:



Source: https://support.google.com/a/answer/4352075.

And paragraph 61 of the Complaint in part shows:



Source: https://developers.google.com/admin-sdk/directory/v1/guides/manage-org-units.

Defendant's motion not only overlooks the screenshots of snippets of its own websites, advertising materials, operating manuals, instructions that are reproduced in the Complaint itself, but Defendant also fails to acknowledge the content of any of the eleven exemplary websites. WSOU has alleged a plausible claim for induced infringement and Defendant's motion should be denied. *See Script Security Solutions L.L.C. v. Amazon.com, Inc*., 170 F. Supp. 3d 928, 936 (E.D. Tex. 2016) (denying a 12(b)(6) Motion to dismiss allegations of induced infringement where "the

defendants induced customers to infringe the patents by instructing them in advertising and promotion to use the accused products in an infringing way").

**B.    WSOU alleges a plausible claim for contributory infringement.**

Defendant argues that "WSOU's contributory infringement allegations also fail because . . . the accused service has substantial noninfringing uses." Mot. at 12. However, Defendant misses the point. WSOU has alleged that there are at least one or more components of the accused products that are especially made or adapted for infringing the '928 patent and have no substantial noninfringing use.

As the Federal Circuit has acknowledged, "[t]he language of the statute incorporates the core notion that one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2009).[1] And the Federal Circuit went on to hold that:

> "Quanta should not be permitted to escape liability as a contributory infringer merely by embedding that microcontroller in a larger product with some additional, separable feature before importing and selling it. If we were to hold otherwise, then so long as the resulting product, as a whole, has a substantial non-infringing use *based solely on the additional feature*, no contributory liability would exist despite the presence of a component that, if sold alone, plainly would incur liability."

*Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2009) (emphasis in original).

---

[1] Additionally, *Ricoh* suggests that a well-pled allegation addressed to the lack of substantial noninfringing uses is sufficient to satisfy the knowledge element of contributory infringement. *Ricoh* explained that "[w]hen a manufacturer includes in its product a component that can only infringe, the inference that infringement is intended is unavoidable." *Ricoh*, 550 F.3d at 1338. Accordingly, "it is entirely appropriate to presume that one who sells a product containing a component that has no substantial noninfringing use in that product does so with the intent that the component will be used to infringe." *Id*.

Here, Defendant's argument is only directed at its "service" as a whole, but there is no dispute by Defendant that a software component is a relevant component for contributory infringement. Nor could it. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320-1321 (Fed. Cir. 2009) (finding contributory infringement based on a software tool within a larger program even though the entire software package was not alleged to contributorily infringe). Moreover, the allegations in the Complaint are not "threadbare"; instead, paragraphs 45-68 of the Complaint show that at least one or more of Google software components are especially made or adapted for infringing the '928 patent and have no substantial noninfringing use.[2]  Therefore, WSOU has alleged a plausible claim for contributory infringement because the Complaint specifically identifies example infringing features and components of Google's G Suite produce and service.

## IV.     Defendant's contentions regarding joint infringement are irrelevant

Because the Complaint alleges a plausible claim for direct infringement wholly on the part of Google itself (*see* Sections II.A and II.B, above) and because the Complaint alleges a plausible claim for indirect infringement (*see* Sections III.A and III.B, above), Defendant's contentions regarding joint infringement are irrelevant and Defendant's motion should be denied.

## V.     To the extent necessary, the Court should allow WSOU to amend its Complaint

Although Defendant's motion should be denied (*see e.g.* Sections II, III, above), should the Court be inclined to grant Defendant's motion, WSOU respectfully requests that the Court allow WSOU to amend its Complaint. Fed. R. Civ. P. 15(a)(2) (providing that leave to amend should be freely given when justice so requires.).

## CONCLUSION

WSOU pleads factual content that allows this Court to draw the reasonable inference that

---

[2] Furthermore, Defendant's argument in a footnote that its "G Suite storage structure of organizational units and access groups described in the website excerpt that WSOU relies on to support its allegations is not a tree structure" (Mot. at 12 n.1) is further evidence that Defendant's motion should be denied. At the very least, whether or not the "G Suite storage structure" has a "tree structure" is a factual matter that is properly the subject of discovery.

Defendant is liable for the misconduct alleged.  Defendant has not shown that WSOU would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint, and its motion should be denied.

Dated: September 25, 2020                    Respectfully submitted,

                                             /s/ Ryan S. Loveless
                                             James L. Etheridge
                                             Texas State Bar No. 24059147
                                             Ryan S. Loveless
                                             Texas State Bar No. 24036997
                                             Travis L. Richins
                                             Texas State Bar No. 24061296
                                             Brett A. Mangrum
                                             Texas State Bar No. 24065671
                                             Jeffrey Huang
                                             ETHERIDGE LAW GROUP, PLLC
                                             2600 E. Southlake Blvd., Suite 120 / 324
                                             Southlake, Texas 76092
                                             Telephone: (817) 470-7249
                                             Facsimile: (817) 887-5950
                                             Jim@EtheridgeLaw.com
                                             Ryan@EtheridgeLaw.com
                                             Travis@EtheridgeLaw.com
                                             Brett@EtheridgeLaw.com
                                             JeffH@EtheridgeLaw.com

                                             Mark D. Siegmund
                                             Texas State Bar No. 24117055
                                             LAW FIRM OF WALT FAIR, PLLC
                                             1508 North Valley Mills Drive
                                             Waco, Texas 76710
                                             Telephone: (254) 722-6400
                                             Facsimile: (254) 722-6432
                                             mark@waltfairpllc.com

                                             **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on September 25, 2020.

*/s/ Ryan S. Loveless*
Ryan S. Loveless