**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 6:20-cv-575 |
| **GOOGLE LLC,** | § § | |
| *Defendant.* | § § | |

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR**
**<u>FAILURE TO STATE A CLAIM BY DEFENDANT GOOGLE LLC</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     ARGUMENT ................................................................................................. 1

    A.      WSOU Does Not State A Plausible Claim For Direct Infringement ..................... 1

        i.       WSOU Cannot Rely On Unpleaded System Claims 1 And 23 ................. 1

        ii.      WSOU Fails To State A Plausible Claim For Direct Infringement
              Of Claim 9 By Google Alone ................................................................. 3

        iii.     Claim Construction Is Not Required For Dismissal Here ........................ 5

    B.      WSOU'S Claim of Induced and Contributory Infringement Also Fail ................ 6

III.    CONCLUSION ............................................................................................. 7

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..........................................................................................2, 3, 4

*Chapterhouse, LLC v. Shopify, Inc.,*
    No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex., Dec. 11, 2018) ..............................4

*Conley v. Gibson,*
    355 U.S. 41 (1957)........................................................................................................2

*De La Vega v. Microsoft Corp.,*
    Case No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)....................................2, 3, 5

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.,*
    888 F.3d 1256 (2018)...............................................................................................3, 4, 5

*Encoditech, LLC v. Citizen Watch Co. of America, Inc.,*
    No. 18-cv-1335, Dkt. 33 at *7-8 (WDTX, June 25, 2019) ......................................................5

*Horowitz v. Yishun Chen,*
    No. SACV 17-00432AG, 2018 WL 6219928 (C.D. Cal. May 14, 2018) ................................3

*In re Bill of Lading,*
    681 F.3d 1323 1339 (2012)..........................................................................................7

*Iron Oak Techs., LLC v. Dell, Inc.,*
    No. 17-CV-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018) .........................................7

*LBS Innovations, LLC v. Nokia USA Inc.,*
    No. 15-1972, 2016 WL 3407611 (E.D. Tex. June 21, 2016)....................................................5

*Lexington Luminance LLC v. Service Lighting and Electrical Supplies, Inc.,*
    No. 3:18-CV-01074-K, 2018 WL 10425908 (N.D. Tex., Oct. 9, 2018) ..................................4

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016)..........................................................................................5

*Meyer Intellectual Properties Ltd. v. Bodum, Inc.,*
    690 F. 3d 1354 (Fed. Cir. 2012)..........................................................................................6

*Parity Networks, LLC v. Cisco Systems, Inc.*,
    6-19-cv-00207, Dkt. 23 (WDTX, July 26, 2019) ...................................................................6

*Regents of Univ. of Michigan v. Leica Microsystems Inc.*,
    19 CV-07470-LHK, 2020 WL 2084891, at *5-6 (N.D. Cal. Apr. 30, 2020) ..........................6

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*,
    W-19-CV-00257-ADA, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020) ..........................6

*Technology Patents LLC v. T-Mobile (UK) Ltd.*,
    700 F.3d 482 (Fed. Cir. 2012)................................................................................................6

## STATUTES

35 U.S.C. § 101...........................................................................................................................6

35 U.S.C. § 271...........................................................................................................................2

## OTHER AUTHORITIES

Rule 59(e)....................................................................................................................................4

Rule 84.........................................................................................................................................4

## I.      INTRODUCTION

WSOU must set forth a plausible claim for direct infringement within the four corners of the complaint in order to survive a motion to dismiss.  As set forth in Google's motion, WSOU chose to assert direct infringement of a method claim by Google, but relied on actions of an unidentified user to complete the method steps of asserted claim 9 and failed to allege that such actions were attributable to Google.  That is insufficient.  WSOU responds to Google's motion by pointing to allegations it does not make, claims it does not assert, and inapposite case law. None can save its deficient complaint from dismissal.  WSOU's arguments confirm that the entire complaint should be dismissed.

## II.     ARGUMENT

### A.      WSOU Does Not State A Plausible Claim For Direct Infringement

Contrary to WSOU's assertion, Google does not take an "unreasonably myopic" view of the complaint.  Google's motion is based on the allegations and theories that WSOU actually included within the four corners of that document, as it should be.  (Dkt. 16. at 4-9.)  In response, WSOU attempts to broaden the scope of its complaint by relying on allegations and claims that it did not make.  Google's motion should be granted.

### i.      WSOU Cannot Rely On Unpleaded System Claims 1 And 23

Faced with its failure to properly allege direct infringement of each step of method claim 9 by Google, WSOU attempts to pivot to assertion of system claims 1 and 23 based solely on its inclusion of the phrase "Google infringe[s] at least one claim of the '928 patent."  (Dkt. 19 at 2 (citing Dkt. 1, ¶ 65).)  WSOU does not even attempt to argue that it alleges infringement of either of these claims—nor could it.  Instead, WSOU states that Google's motion fails because it "selectively ignores" these claims.  (Dkt. 19 at 2.)  But one cannot ignore what does not exist. The mere words "at least," whether or not buried in boilerplate, cannot be sufficient to "'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*,

550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in original)), and

thus cannot suffice to allege infringement by any claims other than claim 9.

　　This Court recently considered this issue in *De La Vega v. Microsoft Corp.*, Case No. 19-

612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020).  There, two complaints alleged "that

Microsoft and Google each, directly and indirectly, infringe[d] at least claims 1 and 9 of" the

patent-in-suit.  *Id.* at *1 (citing Compls. ¶ 21).  Despite the "at least" language in the *De La Vega*

complaints, the Court considered only the claims the plaintiff specifically noted, claims 1 and 9.

*See id.* at *1-*2.  And in doing so, the Court applied a standard that devastates WSOU's

argument here.  *See id.* at *7.  After considering in detail plaintiffs' allegations of infringement

of claim 1, *id.* at *2-*7, the Court turned to claim 9:

> Plaintiff's Original Complaints do not provide any description of how the
> accused instrumentalities infringe claim 9.  Plaintiff only refers to claim 9
> twice in each of his Original Complaints, once to provide the claim
> language and once to allege that each Defendant infringes claim 9
> ("Defendant is thus liable for infringement of at least claims 1 and 9 of the
> '986 patent pursuant to 35 U.S.C. § 271.").  There is no explanation as to
> how the accused instrumentalities infringe claim 9.  Plaintiff fails to even
> include an allegation or short statement that each Defendant infringes
> claim 9 in the same manner as claim 1.

*Id*. at *7 (citation omitted).  The Court found that "these statements fail to even rise to the

level of 'labels and conclusions, and a formulaic recitation of the elements of a cause of action'

that are insufficient under *Twombly*," and dismissed the plaintiff's allegations regarding claim 9

without further analysis, and with prejudice.  2020 WL 3528411 at *7 (quoting *Twombly*, 550

U.S. 554, 555 (2007)).

ii.    **WSOU Fails To State A Plausible Claim For Direct Infringement Of Claim 9 By Google Alone**

Contrary to WSOU's assertion, it does not allege that Google itself performs the method steps of claim 9.  (Dkt. 19 at 4.)  Google does not improperly limit the user to a third party, as explained in Google's motion, WSOU's allegations are directed to end users of G Suite applications, not Google itself.  For that reason, WSOU's failure to properly allege control over the alleged actions of those end users warrants dismissal of WSOU's direct infringement claim. (Dkt. 16 at 5-8.)  WSOU does not point to any substantive allegations that Google employees acting within the scope of their employment infringe by using G Suite applications in the allegedly infringing way described in the complaint.  Rather, the sole support for this new theory is the boilerplate language that Google infringes by "making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States."  (Dkt. 19 at 4 (citing Dkt. 1, ¶ 65).)  This is exactly the type of "formulaic recitation of the elements of a cause of action [that] will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, this Court recently rejected a plaintiff's attempt to pivot to a similar "testing-based" theory of direct infringement by defendant in response to a motion to dismiss for failure to allege joint infringement. *De La Vega v. Microsoft Corporation*, W-19-CV-00612-ADA, W-19-CV-00617-ADA, 2020 WL 3528411, at *4-*5 (W.D. Tex. 2020).  The court should reach the same result here.

WSOU relies heavily on *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (2018) to argue that its allegations of infringement of claim 9 are sufficient.  Contrary to WSOU's assertion, *Disc Disease* does not set the standard for a plausible claim of direct infringement.  Just the opposite, that case has been widely distinguished and limited to its specific (and rare) facts, which do not apply here. *See, e.g.*, *Horowitz v. Yishun Chen*, No.

SACV 17-00432AG, 2018 WL 6219928 at *3 (C.D. Cal. May 14, 2018) (holding that *Disc Disease* "doesn't set a floor for the level of detail required to plead direct patent infringement"); *Lexington Luminance LLC v. Service Lighting and Electrical Supplies, Inc.*, No. 3:18-CV-01074-K, 2018 WL 10425908 at *1-2 (N.D. Tex., Oct. 9, 2018) (Plaintiff's complaint deficient under *Twombly and Iqbal* because "[t]he present case is distinguishable from *Disc Disease Solutions* in this regard, and *Disc Disease Solutions* is not controlling", and "[t]he holding in *Disc Disease Solutions* appears to be limited to similar circumstances."); *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828 at *2 (E.D. Tex., Dec. 11, 2018) (declining to follow *Disc Disease* because "[t]he Court finds *Disc Disease* to be inapposite. Contrary to the relatively simple patents of *Disc Disease*,…… the Court finds that there are both more claims and more complicated patents than those at issue in *Disc Disease*.").

The plaintiff in *Disc Disease* filed its complaint on Nov. 30, 2015—one day before "amendments to the Federal Rules of Civil Procedure took effect, abrogating Rule 84 and Form 18." *Id.* at 1258. The defendant moved to dismiss under the newly governing *Twombly* and *Iqbal* standard, and the district court granted that motion with prejudice. *Id*. at 1258-59. Plaintiff Disc Disease "filed a motion for reconsideration on the basis that the abrogation of Form 18 constituted an intervening change in law," sought leave "to file a first amended complaint" and "attached to its motion for reconsideration an amended complaint that included a detailed infringement analysis," and "filed a timely Rule 59(e) motion requesting that the district court alter or amend its judgment to allow Disc Disease to file a first amended complaint." *Id*. at 1259. The district court denied all these motions. *Id*. In a short opinion, the Federal Circuit reversed the district court's dismissal because the Court found "[t]he case involves a simple technology" for a spinal brace, and the asserted patents were also simple, "consist[ing] of only four

independent claims." *Id.* at 1260.  The court found that the complaint's specific identification of three accused products by name and photographs was sufficient to provide notice of infringement in that particular case.  *Id*.  The same cannot be said of the technology or patent asserted here.  Accordingly, *Disc Disease* does not warrant a different result.

WSOU's reliance on *Encoditech, LLC v. Citizen Watch Co. of America, Inc.* is similarly unavailing. (Dkt. 19 at 4-5.)  In *Encoditech*,  Plaintiff's complaint included an element-by-element comparison of the accused product to the asserted system claim.  Defendant argued that Plaintiff failed to allege that one of the elements was met, but the Court found that the plaintiff sufficiently alleged that element.  No. 18-cv-1335, Dkt. 33 at *7-8 (WDTX, June 25, 2019). Here, in contrast to Encoditech's more substantive allegations, WSOU relies on pure boilerplate. Moreover, WSOU's allegations, contrary to those in *Encoditech*, rely on actions of a third party but fail to allege the third party's actions are controlled or attributable to Google. The issue of pleading sufficiency in *Encoditech* does not involve multiple actors and joint infringement, and thus *Encoditech* is inapposite to determining the pleading sufficiency in the present case, which does involve multiple actors and joint infringement.

### iii.    Claim Construction Is Not Required For Dismissal Here

Google's arguments are based on the substance of WSOU's allegations, not any construction of claim terms.  This Court is well aware of its authority to consider sufficiency of allegations of direct infringement on a motion to dismiss.  *See, e.g., De La Vega*, 2020 WL 3528411, at *7; *see also Lyda v. CBS Corp.*, 838 F.3d 1331, 1341 (Fed. Cir. 2016); *LBS Innovations, LLC v. Nokia USA Inc.*, No. 15-1972, 2016 WL 3407611, at *4 (E.D. Tex. June 21, 2016).  Contrary to WSOU's assertion, Google's motion did not implicate questions of claim construction.  (Dkt. 19 at 4.)  WSOU failed to even attempt to point out which claim terms it

contends Google is seeking construction of—because there are none.  WSOU's cited authority can be readily distinguished.  (*See* Dkt. 19 at 4.)

In *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, the court did not consider the sufficiency of pleading whatsoever.  19 CV-07470-LHK, 2020 WL 2084891, at *5-6 (N.D. Cal. Apr. 30, 2020).  That case instead stands for the unremarkable proposition that a defendant cannot challenge construction of the patent terms on a motion to dismiss.  Similarly, in *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, the court was not faced with a challenge to the sufficiency of pleadings.  Instead, the issue before the court was whether "a determination of patent eligibility under 35 U.S.C. § 101 is appropriate at the motion to dismiss stage, prior to claim construction."  W-19-CV-00257-ADA, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020).  The other cases WSOU cites, *Technology Patents LLC v. T-Mobile (UK) Ltd.*, 700 F.3d 482, 501 (Fed. Cir. 2012) and *Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F. 3d 1354, 1367 (Fed. Cir. 2012), are also inapposite because unlike those cases, Google's motion is based on an analysis of WSOU's *allegations* and does not require claim construction.

### B.     WSOU'S Claim of Induced and Contributory Infringement Also Fail

WSOU does not dispute that its indirect infringement claims rise and fall with its direct infringement claim.  Nor could it.  WSOU's claims of induced and contributory infringement should be dismissed because WSOU did not adequately plead an underlying act of direct infringement as the required predicate for those claims.[1]  But that is not the only reason WSOU's indirect allegations fail.

---

[1] WSOU's citation to *Parity Networks, LLC v. Cisco Systems, Inc.,* 6-19-cv-00207, Dkt. 23, at 3-4 (WDTX, July 26, 2019) is not persuasive.  Before the court in *Parity Networks*, the court found that plaintiff's pleadings sufficiently alleged direct infringement.  *Id.*  As set forth above and in Google's motion, this court should reach the opposite result here.

First, WSOU fails to plead facts that plausibly show the defendant had specific intent to cause another to directly infringe and knew the other's act constituted infringement. *In re Bill of Lading*, 681 F.3d 1323 1339 (2012). In its response, WSOU points to websites and screenshots cited in the complaint which it contends demonstrate that Google "encouraged" infringement. (Dkt. 19 at 5-6.) Clearly, all of the websites on which WSOU relies existed prior to the filing of its complaint. Yet, WSOU does not allege that Google was aware of the '928 patent prior to the filing of that complaint (*i.e.*, at the time these websites were published). (Dkt. 1, ¶¶ 66-67.) Accordingly, the cited websites do not support a plausible claim of active inducement. (*See* Dkt. 16 at 10-11.)

Second, WSOU's conclusory attempt to salvage its allegations that Google contributorily infringes demonstrates their implausibility. For example, WSOU says "paragraphs 45-68 of the Complaint show that at least one or more of Google software components are especially made or adopted for infringing the '928 patent and have no substantial noninfringing use." (Dkt. 19 at 8.) Google presented examples of non-infringing use in its motion. (Dkt. 16 at 11-12.) WSOU, on the other hand, points generally to 24 paragraphs without specifically pointing out any one specific paragraph, and without naming even one particular software component. (Dkt. 19 at 8.) Simply stating its allegations "are not threadbare" does not make it so. *Iron Oak Techs., LLC v. Dell, Inc.*, No. 17-CV-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018).

Accordingly, the Court should dismiss WSOU's claims of induced and contributory infringement by Google.

## III.   CONCLUSION

For the forgoing reasons, Google respectfully requests that the Court dismiss Plaintiff's claims for direct, induced and contributory infringement.

Dated:  October 2, 2020                    Respectfully submitted,


                                           By:  _T. Greg Lanier with permission, by_
                                           _Michael E Jones_
                                           Michael E. Jones
                                           (Texas Bar No. 10929400
                                           Patrick C. Clutter
                                            (Texas Bar No. 24036374)
                                           **Potter Minton, P.C**.
                                           110 North College, Suite 500
                                           Tyler, Texas, 75702
                                           +1 (903) 597-8311
                                           +1 (903) 593-0846 facsimile
                                           mikejones@potterminton.com
                                           patrickclutter@potterminton.com

                                            Tharan Gregory Lanier
                                            (_pro hac vice_ pending)
                                           **JONES DAY**
                                           1755 Embarcadero Road
                                           Palo Alto, California, 94303
                                           +1 (650) 739-3939
                                           +1 (650) 739-3900 facsimile
                                           tglanier@jonesday.com

                                           ATTORNEYS FOR DEFENDANT
                                           GOOGLE, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 2, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Michael E. Jones*