**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-CV-00575-ADA** |
| **BRAZOS LICENSING AND** | § | |
| **DEVELOPMENT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **PATENT CASE** |
| **v.** | § | |
| | § | |
| **GOOGLE LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**RESPONSE OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF**
**PATENT INELIGIBILITY UNDER 35 U.S.C. § 101**

## Table of Contents

I.    LEGAL STANDARDS .................................................................................................1

    A.    Summary Judgment Legal Standard ..............................................................1

    B.    35 U.S.C. § 101 Legal Standard ....................................................................3

II.    OVERVIEW OF THE '928 PATENT ....................................................................6

III.    GOOGLE'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED......7

    A.    Claim 9 is not representative of all asserted claims .............................................7

    B.    The Asserted Claims are Not Directed to an Abstract Idea................................9

    C.    The Asserted Claims Contain Inventive Concepts ............................................17

IV.    CONCLUSION ........................................................................................................18

Pursuant to Rule 56 of Federal Rules of Civil Procedure and Local Civil Rule 7 of this Court, Plaintiff WSOU respectfully opposes Defendant Google's Motion for Summary Judgment of Patent Ineligibility Under 35 U.S.C. § 101. Genuine issues of fact preclude summary judgment on each of the issues raised by Defendant. The claims subject to Defendant's motion are not directed to abstract ideas. Instead, they are directed to improving mobile communication devices. Thus, they are patent eligible. Even if they Court determines that the claims are directed to an abstract idea, they contain inventive concepts that render them patent eligible.

## I.    LEGAL STANDARDS

### A.    Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56(c) authorizes a Court to grant summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A dispute about a material fact is "genuine" if the evidence presented, viewed in the light most favorable to the nonmoving party, would permit a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, such evidence, whether it is offered by the movant to satisfy their initial burden or by the nonmovant to defeat a properly supported motion for summary judgment, may not consist entirely of "conclusory allegations" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

This Court evaluates a motion for summary judgment under the law of the Fifth Circuit. *See Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 405 (Fed. Cir. 2018) ("We review the district court's grant of summary judgment under regional circuit law."). In the Fifth Circuit, "[s]ummary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 382 (5th Cir. 2019) (citing Fed. R. Civ. P. 56(a)). Put another way, since the movant bears the burden on summary judgment, the movant's failure to wholly foreclose the existence of genuine disputes of material fact will preclude summary judgment. *See id.*; Fed. R. Civ. P. 56(a).

1

"A fact is material if it would affect the outcome of the case, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* (quoting *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018)) (internal quotation marks omitted). "Evidence at the summary judgment stage must be viewed in the light most favorable to the non-moving party, and reasonable inferences must be drawn in that party's favor." *Id.* (citing *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018)). While the Court is not required to search the record for facts not expressly addressed by the parties, material factual disputes that are readily apparent from the "underlying facts contained in the affidavits, depositions, and exhibits of record" will preclude summary judgment. *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). In the context of patent litigation, the patents-in-suit are exhibits of record because they are "considered to 'merge[ ] into the pleadings' ...." *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 755 (Fed. Cir. 2019) (applying First Circuit law); *accord Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (requiring the Court to review "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint" in evaluating a motion to dismiss under Rule 12).

The amount of evidence necessary to create a dispute of fact is impacted by the substantive evidentiary burden of proof at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). "[A] higher burden of proof should have a corresponding effect on the judge when deciding whether to send the case to the jury" or to grant summary judgment. *Id.* In a context where a party must prove its claims by clear and convincing evidence, "the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions ...." *Id.* at 255. Clear and convincing evidence "has been described as evidence which produces in the mind of the trier of fact an ***abiding conviction*** that the truth of a factual contention is '***highly probable***.'" *Miller v. Dep't of Justice*, 842 F.3d 1252, 1257–58 (Fed. Cir. 2016) (quoting *Price v. Symsek*, 988 F.2d 1187, 1191 (Fed. Cir. 1993)); *see also Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

To succeed on summary judgment, the movant must completely foreclose any material factual disputes about either the "abiding" or "highly probable" nature of its allegations. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 101 (2011)*; Miller*, 842 F.3d at 1257–58; *Colorado*, 467 U.S. at 316. Conversely, when the nonmovant shows that an issue is not completely clear, or that there is a dispute as to the convincingness of the movant's evidence, summary judgment is inappropriate. *See Microsoft Corp.*, 564 U.S. at 101; *Miller*, 842 F.3d at 1257–58; *Colorado*, 467 U.S. at 316.

An accused infringer has the burden of proving invalidity by clear and convincing evidence, because a patent is presumed to be valid, and the presumption may be overcome only by clear and convincing evidence. *See* 35 U.S.C. § 282(a); *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1189 (Fed. Cir. 1996); *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 112-13 (2011).

"A moving party seeking to invalidate a patent at summary judgment must submit such clear and convincing evidence of invalidity so that no reasonable jury could find otherwise." *Eli Lilly and Co. v. Barr Laboratories, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). "[W]here the ... 'clear and convincing evidence requirement applies, the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant.'" *LifeNet Health v. LifeCell Corp., 2014 WL 5456521, at *7 (E.D. Va. 2014) (citing Talecris Biotherapeutics, Inc. v. Baxter Intern. Inc., 510 F. Supp. 2d 356, 359 (D.Del. 2007).*

**B.      35 U.S.C. § 101 Legal Standard**

Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Supreme Court instructs courts to distinguish between claims that set forth patent-ineligible subject matter and

those that "integrate the building blocks into something more." *Id.* at 217. In doing so, courts apply a two-step test.

First, the court "determine[s] whether the claims at issue are directed to a patent-ineligible concept." *Id.* at 218. This "step of the inquiry calls upon us to look at the 'focus of the claimed advance over the prior art' to determine if the claim's 'character as a whole' is directed to excluded subject matter." *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016). The court must "tread carefully in construing this exclusionary principle" because "[a]t some level, 'all inventions...embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *Alice*, 573 U.S. at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012)). The court must distinguish "ineligible abstract-idea-based solutions implemented with generic technical components in a conventional way from the eligible technology-based solution and software-based invention that improves the performance of the computer system itself." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 841 F.3d 1288, 1299 (Fed. Cir. 2016) (internal quotations omitted). In doing so, the Court's analysis must be "directly tethered to the claim language" and should avoid recasting specific limitations "at a high level of abstraction." *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019).

Second, if the challenged claims are directed towards a patent-ineligible concept, the court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. at 217 (quoting *Mayo*, 566 U.S. 66, 78–79 (2012)). This step is satisfied when the claim limitations contain an inventive concept that "involve[s] more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225). The Federal Circuit has explained that "[w]hile the ultimate determination of eligibility under §101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the

ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). "While patent eligibility is ultimately a question of law . . . [w]hether something is well-understood, routine, and conventional to a skill artisan at the time of the patent is a factual determination" is a "question of fact" that must be "proven by clear and convincing evidence." *Berkheimer*, 881 F.3d at 1368-69; see also *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) ("Whether the claim elements or the claimed combination are well-understood, routine, [and] conventional is a question of fact.").

Something is not necessarily well-understood, routine, and conventional simply because it is disclosed in a prior art reference. *Exergen Corp. v. KAZ USA, Inc.*, 725 F. App'x 959, 965–66 (Fed. Cir. 2018). There are many obscure references that may qualify as prior art but are insufficient to establish something is a "well-understood, routine, and conventional activity previously engaged in by scientists who work in the field." *Mayo*, 566 U.S. at 79. Accordingly, determining "[w]hether a particular technology is well-understood, routine, and conventional goes beyond" simply examining "what was simply known in the prior art." *Berkheimer*, 881 F.3d at 1369.

Additionally, specific improvements described in a patent specification, "to the extent they are captured in the claims, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities." *Berkheimer*, 881 F.3d at 1369. The showing necessary to establish that a concept was well-understood, routine, and conventional "goes beyond what was simply known in the prior art" and may not rest on "[t]he mere fact that something is disclosed in a piece of prior art." *Berkheimer*, 881 F.3d at 1369. There are many obscure references that may qualify as prior art but are insufficient to establish something is "well-understood, routine, and conventional activit[ies] previously engaged in by scientists who work in the field." *Mayo*, 566 U.S. at 79.

A patent claim need not invent an entirely new piece of technology. While generic computers used to perform generic computer functions are ineligible, the "non-conventional and non-generic arrangement of known, conventional pieces" can add a sufficiently inventive concept.

*Bascom Global Internet Services, Inc. v. AT & T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).

## II.     OVERVIEW OF THE '928 PATENT

The '928 patent is directed to a mobile communication apparatus comprising a memory arranged to hold contact information, wherein items of contact information are arranged in a tree structure comprising a plurality of logical levels, the logical levels may be defined by links between higher level items and lower level items, and those logical levels may be used to arrange contact information within a group of contact information such that contact information at the top logical level of a group is common to all lower level contact information belonging to the group. '928 patent, 1:29-47, 4:24-57. The '928 patent summarizes certain technical problems in the field that existed at the time, nearly two decades ago. At the time of the invention, a user of mobile communication apparatus often experienced both saving and accessing contact information as a limitation of the usefulness of the phone book of the mobile communication apparatus because at the time, contact information was structured as a simple list comprising names, and to each name one or more telephone numbers (and in some cases other information) could be stored. *Id.*, 1:17-23. Therefore, to alleviate such problems, there was a need for a way to structure contact information in a way that is intuitive to the user and improves storing and access to contact information. '928 patent, 1:29-36; *see also* 1:42-2:22.

In a preferred embodiment, there is provided a mobile communication apparatus comprising a memory to hold contact information, wherein items of contact information are arranged in a tree structure comprising a plurality of logical levels, the logical levels may be defined by links between higher level items and lower level items, and those logical levels may be used to arrange contact information within a group of contact information such that contact information at the top logical level of a group is common to all lower level contact information belonging to the group. '928 patent, 1:29-47, 4:24-57. The structure provides for presenting relations between items of information. *Id.*, 1:62-2:22.

## III.   GOOGLE'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.   Claim 9 is not representative of all asserted claims

The asserted claims are claims 1-2, 8-9, 13-15, and 19-23 of U.S. Patent No. 8,559,928 ("the '928 patent").[1] Defendant argues that "for purposes of [Defendant's] motion, claim 9 is representative." Mot. at 3. Defendant is wrong at least as to claim 2.

Defendant bears the burden of either addressing the eligibility of each Asserted Claim or making a showing of the representativeness of any claims asserted to be representative. *See PPS Data, LLC v. Jack Henry & Assocs., Inc*., 404 F. Supp. 3d 1021 (E.D. Tex. 2019). "Erroneously determining that a claim is representative has constitutional consequences." *Nice Ltd. v. Callminer, Inc*., No. 18-2024-RGA-SRF, 2020 WL 529709, at *4 (D. Del. Feb. 3, 2020), R. & R. *adopted by* 2020 WL 1502290 (D. Del. Mar. 30, 2020) (*citing PPS Data*, 404 F. Supp. 3d at 1033). "In contrast, an erroneous determination that a claim is not sufficiently representative 'presents no comparable counterweight' because 'incremental increases injudicial economy . . . should never come at the cost of constitutionally secured rights.'" *Id*.

While the specific factual justifications for representativeness will necessarily vary from case to case, precedent offers a number of instructive guideposts in conducting the representativeness inquiry. In all cases, the representativeness inquiry must be "directly tethered to the claim language." *See Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019). Courts must thus avoid "overgeneralizing claims" in a manner that might avoid pertinent distinctions between the claims simply because—at a high level of abstraction—there are some similarities between the allegedly representative claim and the remaining claims. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1337 (Fed. Cir. 2016). Similarly, a claim is not representative merely because it generally deals with the same subject matter as the other asserted claims. *Id.* Further, courts should not treat a claim as "representative simply because it is an independent claim." *Berkheimer*, 881 F.3d at 1365.

---

[1] For the purposes of this brief, citations to the '928 patent refer to Exhibit 1 of Defendant's motion.

In summary, to meet its burden, the defendant must conduct an analysis tethered to the claim language, to show that there are no legally relevant distinctions between the claim identified as representative and the remaining asserted claims. A failure to make such a prima facie showing will defeat a claim of representativeness and will confine the relief sought by the defendant to the claims expressly analyzed. *PPS Data*, 404 F. Supp. 3d at 1031.

Here, Defendant presents no more than an overgeneralized and conclusory description of at least claim 2. Specifically, dependent claim 2 additionally requires "wherein said logical levels are defined by links between at least a higher level item and at least a lower level item." '928 patent, 6:34-37. And Defendant merely concludes that "[t]his describes the same abstract idea of organizing information set forth in claim 1, and it does not add an inventive concept." Mot. at 19. Yet Defendant provides no analysis or support for this conclusion. But a reading of the claim language comparing claims 9 (and 1) with claim 2 shows the additional limitation of claim 2 is not represented by claim 9 (or claim 1). Specifically, claim 2 additional requires that the logical levels are defined by "links **between** at least a higher level item and at least a lower level item". This is as opposed to claims 9 (and 1), which require single-directional links where "wherein an item on the top logical level comprises links **to** items on a lower logical level which comprises links **to** items on a further lower logical level". '928 patent, 7:7-10 (claim 9), 6:30-33 (claim 1). The additional requirement of a bi-directional link *between* items of a higher and lower level allows both traversal in the upwards direction as well as creating an association in the upwards direction, which is not recited by claim 9 (or 1), but instead by claim 2. This is further confirmed by the specification which expressly teaches that "[a] group of **lower level items linked to an item of a higher logical level** may be presented together with said higher logical level item." *Id.*, 1:59-61 (emphasis added). And as an example, in discussing Figure 3, the specification describes "[i]tems 316, 318, 310, which are linked **to** contact information item 314". *Id.*, 4:17-18 (emphasis added). And the relevant portion of Figure 3, reproduced below, shows that items 316 and 318 are at a lower logical level relative to item 314, while item 310 is a higher logical level relative to item 314:



'928 patent, Fig. 3 (excerpted and annotated).

Thus, the links from items 316 and 318 **_to_** item 314 are links from a _lower level_ item **_to_** a _higher level_ item, which is not recited by the claim language of claims 9 and 1, but is a requirement of claim 2 which Defendant fails to acknowledge. Accordingly, claim 9 not representative of at least claim 2 ("links **between** at least a higher level item and at least a lower level item") and Defendant's motion further fails as to claim 2 because Defendant provides no separate analysis of claim 2. Regardless, as discussed below, Defendant's motion fails as to the alleged "representative" claim 9 because Defendant's motion fails as to _Alice_ Step One and _Alice_ Step Two, as well as because genuine issues of fact preclude summary judgment on each of the issues raised by Defendant.

### B.     The Asserted Claims are Not Directed to an Abstract Idea

Defendant's Motion fails, under the first step of the _Alice_ analysis, as lacking clear and convincing evidence proving that claim 9 is directed to an abstract idea. As the Court is aware, it "'must be careful to avoid oversimplifying the claims' by looking at them generally and failing to account for the specific requirements of the claims." _McRO, Inc. v. Bandai Namco Games Am. Inc._, 837 F.3d 1299, 1312 (Fed. Cir. 2016) (quoting _In re TLI Communications LLC Patent Litig._,

823 F.3d 607, 611 (Fed. Cir. 2016)).  At *Alice* Step One, therefore, "it is not enough to merely identify a patent-ineligible concept underlying the claim; [courts] must determine whether that patent-ineligible concept is what the claim is 'directed to.'" *Rapid Litig. Mgmt. Ltd. v. CellzDirect, Inc.*, 827 F.3d 1042, 1050 (Fed. Cir. 2016). This involves "look[ing] to the claims as an ordered combination, without ignoring the requirements of the individual steps," and determining "whether the claims in these patents focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *Id*. at 1313-14.

Defendant argues that "[t]he asserted claims are directed to a textbook example of an abstract idea", but Defendant can only come to this conclusion by overgeneralizing the claimed invention as "the longstanding practice of using a tree structure to organize information". Mot. at 4. Defendant also alleges that "[t]he applicants' statements during prosecution cement the fact that the claims are directed to a well-known abstract idea." Mot. at 9. However, Defendant again overgeneralizes because the applicants did nothing of the sort. The applicants did not claim all tree structures generally, instead, the applicants claimed a specific structured manner for storing and accessing contact information in a mobile communication device. *See e.g.* Mot., Ex. 2 at 6-7.

Defendant's overgeneralization, as well as Defendant's misplaced reliance on inapposite caselaw, overlooks the fact that claim 9 does not merely recite "collecting and analyzing information", and furthermore, claim 9 also does not merely recite "organizing 'contact information'". *Id.* Indeed, claim 9's "wherein" clause requires that:

> "**contact information at a top logical level of a respective group includes contact information that is common to all lower level contact information belonging to the respective group** and wherein an item on the top logical level **comprises links to items on a lower logical level which comprises links to items on a further lower logical level**" '928 patent, 7:4-10 (emphasis added).

Furthermore, claim 2 additionally requires "links **between** at least a higher level item and at least a lower level item". '928 patent, 6:34-37.

10

In other words, at least claims 9 and 2 require more than simply "organizing information in a tree structure" or "collecting and analyzing information" as Defendant suggests with conclusory attorney argument. For example, claim 9 at least requires having contact information that is common at all logical levels of a respective group as well as links to items of lower logical levels. '928 patent, 7:4-10. And claim 2 additionally requires links *between* a higher level item and a lower level item. '928 patent, 6:34-37. Defendant fails to provide anything more than cursory and hand-waving attorney argument regarding these limitations.

The claimed invention improves the operation of mobile communications devices by improving the organization of contact information at the time of the invention (June 29, 2005) from "a simple list" which was "a limitation of the usefulness of the phone book of the mobile communication apparatus" ('928 patent, 1:17-23), to a way that is "intuitive", and which further improves "storing and access to contact information". '928 patent, 1:29-36; *see also* 1:42-2:22. Further, the asserted claims claim subject matter analogous to what the Federal Circuit has previously held to be patent eligible.

In *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016), the Federal Circuit found patent claims "directed to a specific improvement to the way computers operate" are *not* directed to an abstract idea, and therefore patent eligible. *Id*. at 1336. The court stated that when "the claims are not directed to an abstract idea under step one of the *Alice* analysis, we do not need to proceed to step two of that analysis." *Id*. at 1339.

Similarly, in *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014), the Federal Circuit held that where "the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks," the claims are patent-eligible. *Id*. at 1257; *see also Amdocs (Israel) Ltd. v. Openet Telecom, Inc*., 841 F.3d 1288, 1300 (Fed. Cir. 2016) (holding an invention patentable if claims are "directed to an improvement in computer functionality" or "solve a technology-based problem, even with conventional, generic components, combined in an unconventional manner").

In *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018), the Federal Circuit concluded that the claims were not directed to an abstract idea but were directed to "a specific method for navigating through three-dimensional electronic spreadsheets" and provided "a specific solution to then-existing technological problems in computers and prior art electronic spreadsheets". *Id.* at 1008. The Federal Circuit noted that even though "notebook tabs" may have been used before, that did not make the claims directed to a method of creating and using notebook tabs in spreadsheets abstract as Google (there) "fail[ed] to appreciate the functional improvement achieved by the specifically recited notebook tabs in the claimed methods". *Id.* at 1008-1011. The Federal Circuit also explained that to prove invalidity "[i]t is not enough, however, to merely trace the invention to some real-world analogy. The eligibility question is not whether anyone has ever used tabs to organize information.". *Id.* at 1011. Just like in *Data Engines Techs.*, here, Defendant Google again fails to appreciate the "functional improvement" (*id.* at 1011) achieved by the specifically recited structure in claim 9 (and claim 2) of the '928 patent. Rather, like the "notebook tab" structure in *Data Engine Techs.*, the specifically recited structure of claim 9 (and claim 2) allows for an "intuitive" organization and presentation of contact information, and which further improves "storing and access to contact information". '928 patent, 1:29-36; *see also* 1:42-2:22.

Similarly, in *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc*., 880 F.3d 1356 (Fed. Cir. 2018), the Federal Circuit rejected the accused infringer's contention that the claims there were directed to the abstract idea of indexing information, but instead the Federal Circuit held that the claims were directed to "a particular manner of summarizing and presenting information in electronic devices." *Id.* at 1362-1363.

The asserted claims are patent eligible because they are directed to improvements to the way mobile communications devices operate. Claim 9 requires having contact information that is common at all logical levels of a respective group as well as links to items of lower logical levels. '928 patent, 7:4-10. And claim 2 additionally requires links *between* a higher level item and a lower level item. '928 patent, 6:34-37. As the specification states, the asserted claims allow for an "intuitive" organization and presentation of contact information, and which further improves

12

"storing and access to contact information". '928 patent, 1:29-36; *see also* 1:42-2:22. Other courts have found similar claims to be patent eligible. *See e.g AR Design Innovations LLC v. Ashley Furniture Indus., Inc.,* 4:20-CV-392-SDJ, 2021 WL 1213551, at *2 (E.D. Tex. Mar. 30, 2021) (Finding no Section 101 eligibility issues where the "patent at issue here is less like those patents in the cases cited by Defendants involving data collection, data analysis, data transmission, data organization, data storage, etc., and more like those in the cases involving a faster, more reliable, or more usable interface—i.e., a specific improvement to the functioning of a computer."); *Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, 362 F. Supp. 3d 370, 377 (E.D. Tex. 2019) (the court concluding that the claim was not directed to an abstract idea but instead was directed to a specific improvement in computer networks, and finding that "[u]nlike ineligible claims that merely "collect[ ], organiz[e], and display ... information on a generic display device," [the claim at issue] recites "a specific improvement to the way computer[ ] [networks] ... operate."); *Hypermedia Navigation LLC v. Facebook, Inc.*, 2018 WL 3932434, *4-*5 (N.D. Cal. 2018) (finding that the claims were directed to an improvement in computer technology, and finding the claims claimed a "specific technological advance" in computer user interfaces where the claimed subject matter "present[ed] the user with desirable information in a new way: through 'linearly linked websites'"—"The present invention survives at step one of the Alice inquiry.).

Defendant errs by overly abstracting the claims. Courts must "tread carefully in construing this exclusionary principle" of ineligible subject matter because "[a]t some level, 'all inventions...embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas.'" *Alice*, 573 U.S. at 217 (omission in original). Defendant does precisely what the Supreme Court and Federal Circuit warn against: describing the claims "at such a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule." *Enfish*, 822 F.3d at 1337. But after abstracting the claims to identify the alleged "abstract idea," Defendant errs by deconstructing each claim into its individual components, and then making generalized attorney arguments that that the components are not new or do not change the idea to which the claims are directed. But at *Alice* Step One, the court must look at the claims "as

13

a whole" to determine if they are directed to an abstract idea. *See Affinity Labs*, 838 F.3d at 1257. Here, the claims are not directed to an abstract idea.

Defendant's motion is largely based on a misplaced attempt to analogize to inapposite cases. Defendant's misplaced reliance on various inapposite authority confirms Defendant's motion's deficiency.

For example, the claim in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016) was directed to "collecting information, analyzing it, and displaying certain results". *Id.* at 1353. Similarly inapposite is *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018), as the claims are directed to "selecting certain information, analyzing it using mathematical equations, and reporting or displaying the results". *Id.* And the claims in *Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d 1344 (Fed. Cir. 2014) also are inapposite for merely reciting "organizing information through mathematical correlations". *Id.* at 1350-1351. Additionally, the claims in *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018) were directed to "considering historical usage information while inputting data". *Id.*, at 1286. The claims in the above cases did not require creating logical levels and requiring common information at all logical levels of a respective group. Nor did the claim require links from higher levels to lower levels or links between higher and lower levels.

And in the same vein, *TLI Communications LLC v. AV Automotive, L.L.C.*, 823 F.3d 607 (Fed. Cir. 2016) is also inapposite. There, the claim was directed to "classifying an image and storing the image based on its classification". *Id.* at 611. Similarly, in *Versata Development Group, Inc. v. SAP America*, Inc., 793 F.3d 1306 (Fed. Cir. 2015), the claim only recited a "hierarchy", such that "an organizational group below a higher organizational group in each of the branches is a subset of the higher organizational group". *Id.* at 1312. In *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315 (Fed. Cir. 2017), the claims involved XML tags that were merely placed within an index with a hierarchical structure. *Id.*, at 1326. And in *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016), the claims there merely recited a "hierarchical tree format". *Id.* at 1234. The claims in the above cases did not require common information at all logical levels of a

respective group. Nor did the claim require links from higher levels to lower levels or links between higher and lower levels.

Next, in *Intellectual Ventures I LLC v. Capital One Fin. Corp*., 850 F.3d 1332 (Fed. Cir. 2017), the claim there was only directed to "collecting, displaying, and manipulating data", and while the claim there recited organizing records into a "hierarchy", outside the mere reference to the word "hierarchy", there was no further requirement for requiring common information at all logical levels of a respective group. Nor did the claim require links from higher levels to lower levels or links between higher and lower levels.

Next, despite Defendant's instance otherwise, the claims in *In re Morinville, 767 F. App'x 964 (Fed. Cir. 2019) (nonprecedential)* are not "closely analogous to [the asserted claims] here." Mot. at 11. There, the court found the claim language at issue merely sought to *automate* by a computer what even the patentee acknowledged was previously done *manually*. *Id*. at 968. *Morinville* bears no resemblance to the present case. Here, the inventors did not characterize their invention as merely automating what was previously done by hand. Rather, as explained above, the inventors distinguished the disclosure from certain prior *computing* approaches, including those characterized as using "a simple list" which was a limitation to the usefulness of then existing mobile communication devices ('928 patent at 1:17-23).

Further, while Defendant purports to draw comparisons to claim 9 of the '928 patent with claim 1 of the patent in *Morinville*, a review of Defendant's own chart in its motion shows that Defendant again is overgeneralizing. For example, nowhere in the claim in *Morinville* is there any recitation of requiring common information at all logical levels of a respective group. Nor did the claim require links from higher levels to lower levels or links between higher and lower levels. Instead, the claim in *Morisville* merely sought to "***identify***[] positions in the hierarchical operational structure that are subordinate to the first one of the positions that have roles which have at least one functional <u>level</u> in common with the role of the first one of the positions". Mot. at 12. In contrast, Claim 9 of the '928 patent **requires** "contact information at a top logical level of a respective group includes contact information that is common to all lower level contact

information belonging to the respective group", as well as "an item on the top logical level comprises links to items on a lower logical level which comprises links to items on a further lower logical level". '928 patent, 7:4-10. Not to mention claim 2 of the '928 patent which further requires "links between at least a higher level item and at least a lower level item". '928 patent, 6:34-37. Defendant's arguments as to the claim in *Morisville* as allegedly being "closely analogous" to claim 9 of the '928 patent is without analysis and is nothing more than bare attorney argument. *See* Mot. at 11-13.

Additionally, Defendant's reliance upon *Intellectual Ventures I LLC v. Erie Indem. Co*., 850 F.3d 1315 (Fed. Cir. 2017), *Versata Development Group, Inc. v. SAP America, Inc*., 793 F.3d 1306 (Fed. Cir. 2015), *BSG Tech LLC v. Buyseasons, Inc*., 899 F.3d 1281 (Fed. Cir. 2018), and *Apple, Inc. v. Ameranth*, Inc., 842 F.3d 1229 (Fed. Cir. 2016) are all inapposite as discussed above. Defendant overgeneralizes and overlooks the specific limitations of claims 9 and 2 in stating that "[j]ust as the claims in those cases arranged and organized information through hierarchical structures, the asserted claims here are directed to organizing contact information in a tree-structure hierarchy." Mot. at 15. Defendant further confirms its error in then stating that "[a]s evidenced by the applicants' submission of documents during prosecution, organizing information in a tree structure has been done since at least the 18th century." *Id.* But the Federal Circuit in *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999 (Fed. Cir. 2018) explained that to prove invalidity "[i]t is not enough, however, to merely trace the invention to some real-world analogy. The eligibility question is not whether anyone has ever used tabs to organize information.". *Id.* at 1011. As in *Data Engine Techs*., the asserted claims provide "a specific solution to then-existing technological problems in computers and prior art…". *Id.* at 1008. And just like in *Data Engines Techs.*, here, Defendant Google again fails to appreciate the "functional improvement" (*Id.*, at 1011) achieved by the specifically recited structure in claim 9 (and claim 2) of the '928 patent.

### C.        The Asserted Claims Contain Inventive Concepts

At the second step of the Alice inquiry, courts examine whether the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.' " *Berkheimer*, 881 F.3d at 1367 (*quoting Alice*, 573 U.S. at 217) (alteration in original). For example, when "the claimed technology 'overrides the routine and conventional sequence of events'" in order to provide a technological benefit, it is eligible at Alice Step 2. *SRI Int'l, Inc. v. Cisco Sys.*, Inc., 930 F.3d 1295, 1304 (Fed. Cir. 2019) (*quoting DDR Holdings*, 773 F.3d at 1258.

Even if the Court finds claim 9 to be directed to an abstract idea, the asserted claims contain an inventive concept under *Alice* Step Two that render the asserted claims patentable. Defendant focuses its analysis on individual claim elements and argues that each one is conventional. Mot. at 16-18. For example, Defendant argues that "claim 9 only recites standard functions of generic computers, namely, "assigning" and "storing" information." Mot. at 16. And Defendant also argues that "Even when the claims recite some physical components—such as a "memory," a "display," or a "processing unit"—these amount to nothing more than basic and standard components of a generic "mobile communication apparatus."". *Id.* Defendant never actually analyzes the claims as an ordered combination.

As already discussed above, the claimed invention improves the operation of mobile communications devices by improving the organization of contact information at the time of the invention (June 29, 2005) from "a simple list" which was "a limitation of the usefulness of the phone book of the mobile communication apparatus" ('928 patent, 1:17-23), to a way that is "intuitive", and which further improves "storing and access to contact information". '928 patent, 1:29-36; *see also* 1:42-2:22. And one of inventive concepts in the claims is the idea that improving upon a "simple list" of contacts in a mobile communication device involves creating a structure of logical levels and requiring common information at all logical levels of a respective group of contacts. And claim 2 further requires links from higher levels to lower levels or links between higher and lower levels. These inventive concepts, as detailed in the specification, allows for an

17

intuitive structure for the user as well as improved storing and access of contact information. '928 patent, 1:29-36; *see also* 1:42-2:22. For example, among other recited advantages of the claimed invention, the asserted claims also provide the advantage for the user to store contact information according to his or her own experienced relations between contacts. *Id.*, 2:9-11.

Moreover, Defendant fails to show that there is no genuine issue of material fact as to *Alice* Step Two. "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *PPS Data*, 404 F. Supp. 3d at 1040 (*quoting Berkheimer*, 881 F.3d at 1368). "Only '[w]hen there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, [and] conventional to a skilled artisan in the relevant field' can eligibility 'be decided on summary judgment as a matter of law.'" *Id*. "Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional." *Id*.

The specification of the asserted patent never characterizes the ordered combination of claim elements as routine or conventional. And there is nothing in Defendant's motion that disputes the statements in the specification, much less is there anything in Defendant's motion that shows there is no genuine issue of material fact that the asserted claims do not recite an inventive concept under the clear and convincing standard. Thus, at the very least, whether the ordered combination of elements is well-understood, routine and conventional to a person of skill in the art is a question of fact that precludes summary judgment.

## IV.   CONCLUSION

For the foregoing reasons, WSOU respectfully requests that the Court denies Defendant's motion for summary judgement.

Dated: August 12, 2021                    Respectfully submitted,

                                          */s/ Ryan S. Loveless*
                                          James L. Etheridge
                                          Texas State Bar No. 24059147
                                          Ryan S. Loveless
                                          Texas State Bar No. 24036997
                                          Travis L. Richins
                                          Texas State Bar No. 24061296
                                          Brett A. Mangrum
                                          Texas State Bar No. 24065671
                                          Jeffrey Huang
                                          ETHERIDGE LAW GROUP, PLLC
                                          2600 E. Southlake Blvd., Suite 120 / 324
                                          Southlake, Texas 76092
                                          Telephone: (817) 470-7249
                                          Facsimile: (817) 887-5950
                                          Jim@EtheridgeLaw.com
                                          Ryan@EtheridgeLaw.com
                                          Travis@EtheridgeLaw.com
                                          Brett@EtheridgeLaw.com
                                          JHuang@EtheridgeLaw.com

                                          Mark D. Siegmund
                                          State Bar No. 24117055
                                          mark@waltfairpllc.com
                                          Law Firm of Walt, Fair PLLC.
                                          1508 North Valley Mills Drive
                                          Waco, Texas 76710
                                          Telephone: (254) 772-6400
                                          Facsimile: (254) 772-6432
                                          **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via email in accordance with the Federal Rules of Civil Procedure on August 12, 2021.

                                          */s/ Ryan S. Loveless*
                                          Ryan S. Loveless

19