**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT** | § | **Civil Case No. 6:20-cv-575-ADA** |
| ***Plaintiff*,** | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| **GOOGLE LLC,** | § | |
| ***Defendant*.** | § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF PATENT INELIGIBILITY UNDER 35 U.S.C. § 101**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION 1

II. ARGUMENT 2

A. WSOU's Arguments Regarding Claim 2 Are Irrelevant And Incorrect 2

B. The Asserted Claims Are Directed To The Abstract Idea Of Organizing Information In A Tree Structure 3

C. WSOU's Response Underscores The Absence Of Any Inventive Concept 7

III. CONCLUSION 8

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alice Corp. Pty. v. CLS Bank Int'l*,
573 U.S. 208 (2014) .... 1, 3, 7, 9

*Amdocs Ltd. v. Openet Telecom, Inc.*,
841 F.3d 1288 (Fed. Cir. 2016) .... 6

*Apple Inc. v. Ameranth, Inc.*,
842 F.3d 1229 (Fed. Cir. 2016) .... 3

*BSG Tech LLC v. Buyseasons, Inc.*,
899 F.3d 1281 (Fed. Cir. 2018) .... 3, 7, 9

*Cat Tech LLC v. TubeMaster, Inc.*,
528 F.3d 871 (Fed. Cir. 2008) .... 9

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
760 F. App'x 1013 (Fed. Cir. 2019) .... 9

*Core Wireless SARL v. LG Elecs.*,
880 F.3d 1356 (Fed. Cir. 2018) .... 6

*Customedia Techs., LLC v. Dish Network Corp.*,
951 F.3d 1359 (Fed. Cir. 2020) .... 5, 7, 8

*Data Engine Techs. LLC v. Google LLC*,
906 F.3d 999 (Fed. Cir. 2018) .... 6, 7

*DDR Holdings, LLC v. Hotel.com*,
773 F.3d 1245 (Fed. Cir. 2014) .... 6

*Elec. Power Grp. LLC v. Alston SA*,
830 F.3d 1350 (Fed. Cir. 2016) .... 3, 4

*Enfish, LLC v. Microsoft Corp.*,
822 F.3d 1327 (Fed. Cir. 2016) .... 6

*Ericsson Inc. v. TCL Commc'n Tech. Ltd.*,
955 F.3d 1317 (Fed. Cir. 2020) .... 4

*In re Mohapatra*,
842 F. App'x 635 (Fed. Cir. 2021) .... 2

*In re Morinville*,
767 F. App'x 964 (Fed. Cir. 2019) .... 1, 5

*Intell. Ventures I LLC v. Capital One Bank (USA)*,
792 F.3d 1363 (Fed. Cir. 2105).... 6

*Intell. Ventures I LLC v. Erie Indem. Co.*,
850 F.3d 1315 (Fed. Cir 2017).... 3

*RecogniCorp, LLC. V. Nintendo Co.*,
855 F.3d 1322, 1327 (Fed. Cir. 2017).... 10

*Simio, LLC v. FlexSim Software Prod., Inc.*,
983 F.3d 1353 (Fed. Cir. 2020).... 8, 10

*Solutran, Inc. v. Elavon, Inc.*,
931 F.3d 1161 (Fed. Cir. 2019).... 2

*Synopsys, Inc. v. Mentor Graphics Corp.*,
839 F.3d 1138 (Fed. Cir. 2016).... 10

*Trading Techs. Int'l, Inc. v. IBG LLC*,
921 F.3d 1084 (Fed. Cir. 2019).... 3

*Ultramercial, Inc. v. Hulu*,
LLC, 772 F.3d 709 (Fed. Cir. 2014) .... 3, 10

*VeriPath, Inc. v. Didomi*,
842 F. App'x 640 (Fed. Cir. 2021) .... 4

*Versata Dev. Grp. Inc. v. SAP Am., Inc.*,
793 F.3d 1306 (Fed. Cir. 2015).... 3

*Yu v. Apple Inc.*,
1 F.4th 1040 (Fed. Cir. 2021) .... 2, 8

**STATUTES**

35 U.S.C. § 101 .... passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 56(a) .......... 2

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | U.S. Patent No. 8,559,928 (Dkt. 51-1.) |
| 2 | June 29, 2005 Applicant Brief Before Board of Patent Appeals and Interferences (Dkt. 51-2.) |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| WSOU | Plaintiff WSOU Investments, LLC d/b/a Brazos License and Development |
| Google | Defendant Google LLC |
| ’928 patent | U.S. Patent No. 8,559,928 |
| POSITA | Person Of Ordinary Skill In The Art |
| § 101 | 35 U.S.C. § 101 |

*** Emphasis added unless indicated otherwise.***

*****For the Court’s convenience, Google cites to documents in the docket by reference to the pagination generated by CM/ECF (at the top of the page) rather than the pagination at the bottom of the page.***

## I. INTRODUCTION

Google's motion establishes that the asserted claims are directed to an abstract idea—using a basic tree structure for organizing contact information on a generic mobile device. (Dkt. 51 at 3-15.)[1] WSOU's response concedes this point, stating that "the applicants claimed *a specific structured manner [i.e. tree structure organization] for storing and accessing contact information* in a mobile communication device." (Dkt. 52 at 12.) This is consistent with the applicants' representations during prosecution that it is "*well understood* that a 'tree structure' *is a way of representing the 'hierarchical nature of a 'structure'* in a graphical form." (Ex. 2 at 7.) The Federal Circuit makes clear that "using organization and group hierarchies in determinations 'is an abstract idea.'" *In re Morinville*, 767 F. App'x 964, 966 (Fed. Cir. 2019). So, too, hierarchical organization is "a basic conceptual framework for organizing information." *Id.* WSOU's response ignores the applicants' unequivocal statements and does nothing to disturb the conclusion that the asserted claims are directed to an abstract idea. Tellingly, WSOU instead spends much of its response discussing dependent claim 2.

Google's motion also establishes that the asserted claims are devoid of any inventive concept. (Dkt. 51 at 22-25.) The claims recite generic functions implemented on standard hardware components such as "memory" and a "processing unit." That is precisely what the Supreme Court holds is insufficient: "Recit[ing] a handful of generic computer components configured to implement the [abstract] idea … add[s] nothing of substance to the underlying abstract idea." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 226-27 (2014). WSOU cannot escape this conclusion with generalized assertions that the claims "improve[] the operation of mobile communication devices." (Dkt. 52 at 19.) The '928 patent itself refutes this argument, stating that any improvement is to the user's experience, not the operation of the mobile device: "An advantage … is provision of an *intuitive structure for the*

---

[1] For the Court's convenience, Google cites to documents in the docket by reference to the pagination generated by CM/ECF (at the top of the page) rather than the pagination at the bottom of the page.

*user* to store [and access] her contact information *according to her own experienced relations* between contacts." (Ex. 1 at 2:9-11.) The claims present a classic example of "generic hardware limitations … merely serv[ing] as a 'conduit for the abstract idea.'" *Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021). Even if the claims improved upon the idea of a tree structure, any improvement to that abstract idea is legally immaterial: "[M]erely reciting an abstract idea by itself in a claim—even if the idea is novel and non-obvious—is not enough to save it from ineligibility." *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1169 (Fed. Cir. 2019).

As shown below, WSOU's response is a collection of legally irrelevant arguments that the Supreme Court and Federal Circuit have discredited as a matter of law. On this record—consisting entirely of the intrinsic evidence—"there is no genuine dispute as to any material fact and [Google] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## II. ARGUMENT

### A. The Asserted Claims Are Directed To The Abstract Idea Of Organizing Information In A Tree Structure

Google's motion shows that, consistent with basic principles of Section 101 and applicable precedent, the asserted claims are directed to the abstract idea of using a tree structure for organizing information. (Dkt. 51 at 11-22.) Google's showing is not subject to meaningful dispute given the applicants' affirmative representations to the Patent Office that a "tree structure" is a "well understood" concept for "representing the 'hierarchical' nature of a structure in a graphical form." (Ex. 2 at 7.) The possibility that the "abstract idea may have beneficial uses" on a mobile device "does not mean that claims embodying the abstract idea are rendered patent eligible.'" *In re Mohapatra*, 842 F. App'x 635, 638 (Fed. Cir. 2021).

Ignoring the prosecution history, WSOU tries to get past *Alice*'s first step by contending that: "[1] applicants did not claim all tree structures generally, [2] instead, the applicants claimed a specific

[tree/hierarchical] structured manner for storing and accessing [3] contact information in [4] a mobile communication device." (Dkt. 52 at 12.) Critically, WSOU's own characterization confirms that the claims are directed to an abstract idea. As to [1], the assertion that the claims cover less than all tree structures is immaterial because the claims are nonetheless directed to an abstract idea. A "claim is not patent eligible merely because it applies an abstract idea in a narrow way." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1287, 1291 (Fed. Cir. 2018) ("*As a matter of law*, narrowing or reformulating an abstract idea does not add 'significantly more' to it."). Regarding [2], even if the claims recite a "specific structured manner" for tree structures, that cannot avoid Section 101. Controlling precedent is clear on this point: "Although certain additional limitations … add a degree of particularity, the concept embodied by the majority of the limitations describes only the abstract idea." *Ultramercial, Inc.v. Hulu, LLC,* 772 F.3d 709, 715 (Fed. Cir. 2014); *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1092 (Fed. Cir. 2019) ("The fact that the claims add a degree of particularity … in this case does not impact our analysis at step one."). As to [3] and [4], Google's motion establishes that limiting the claims to "contact information" on a "mobile device" is legally irrelevant. (Dkt. 51 at 11-13.) The "prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment," *Alice*, 573 U.S. at 222, nor "limit[ing] [claims] to a particular content." *Elec. Power Grp. LLC v. Alstom SA,* 830 F.3d 1350, 1353 (Fed. Cir. 2016).

Google's motion also analyzes four cases where the Federal Circuit has held that claims, like the asserted claims here, directed to using hierarchical structures for organizing information cover abstract ideas and were patent ineligible. (Dkt. 51 at 18-21 (discussing *Morinville*; *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315 (Fed. Cir 2017); *Versata Dev. Grp. Inc. v. SAP Am., Inc.*, 793 F.3d 1306 (Fed. Cir. 2015); *Apple Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016).) Presented with

this decisive precedent, WSOU musters the legally-defective distinction that those cases involved claims that "only recited a 'hierarchy'" or "merely recited a 'hierarchical tree format,'" whereas the asserted claims here "require common information at all logical levels of a respective group" and, for claim 2, bidirectional links between lower and higher levels. (Dkt. 52 at 16-18.) WSOU's argument fails to provide any distinction from an abstract idea, and instead confirms that the asserted claims present a particular type of idea. WSOU's response fails as a matter of law.

To start, whether the asserted claims use more words or different verbiage to describe the same abstract idea of a hierarchical tree structure cannot avoid Section 101. "[S]tripped of excess verbiage, at its most basic level, [the] claim[s] [are] anchored on the abstract idea." *VeriPath, Inc. v. Didomi*, 842 F. App'x 640, 643 (Fed. Cir. 2021). Indeed, "[c]laims do not become eligible simply because they are written or characterized in a 'highly technical' manner. That would violate the Supreme Court's caution that patent eligibility must not 'depend simply on the draftsman's art.'" *Ericsson Inc. v. TCL Commc'n Tech. Ltd.*, 955 F.3d 1317, 1328 n.2 (Fed. Cir. 2020); *see Elec. Power*, 830 F.3d at 1352 ("Though lengthy and numerous, the claims … defining a desirable information-based result and not limited to inventive means of achieving the result, fail under § 101.").

Further, the claimed concepts on which WSOU relies are abstract and common features of tree structures. (Ex. 2 at 15-16 (describing well-known tree structures for organizing information).) That any two items linked in a tree structure may share the same attributes/information with each other is an ordinary aspect of hierarchical organization and simply embodies the abstract idea of inheritance which is a common, preexisting trait of tree structures. (Ex. 2 at 15 (article submitted by applicants to the PTO explaining that in a tree structure "[t]he names of relationships between nodes are modeled after family relations").)[2] As for WSOU's incorrect argument regarding claim 2 (*see infra* II.C), links that

[2] Figures 3 and 4 of the patent confirm this understanding, as each item linked to another shares a

flow bi-directionally between connected items are no less common or abstract. An article submitted by the applicants during prosecution establishes that sharing common information and bidirectional links do not remove these claims from the realm of processes that can be performed by humans or on pen-and-paper. (Ex. 2 at 15-16.) Indeed, the specification does not even suggest there is any importance or weight to be attached to either of these ideas, and it does not state that the patent discloses a novel type of organization. As the applicants conceded, this type of organizational structure has long been used in various contexts. (Ex. 2 at 7, 15-16.)

Google's motion demonstrates that *Morinville* is particularly relevant. (Dkt. 51 at 18-20.) As shown, the asserted claims here overlap widely with claims in *Morinville* (which the Federal Circuit held patent ineligible) as both are directed to hierarchical tree structures for organizing information on computers. (*Id.*) Comparing the figures in the '928 patent and *Morinville* highlights the common abstract idea: the concept of tree-structure organization. (*Id.* at 19-20.) WSOU attempts to sidestep *Morinville* by arguing that the claims there did not have "any recitation of requiring common information at all logical levels of a respective group." (Dkt. 52 at 17.) This purported distinction, however, is still an abstract idea (as explained above). Moreover, WSOU's argument conflates invalidity under Sections 102/103 with the Section 101 analysis. The issue is not whether *Morinville*'s claims disclosed the precise limitations in the asserted claims, as required for anticipation or obviousness. Rather, under Section 101, the issue is whether claims (however phrased) for using tree structures to organize information on computers are directed to an abstract idea. *Morinville* and other Federal Circuit precedent uniformly hold that they are. The same is true in this case.

WSOU's reliance on various decisions underscores that the asserted claims are directed to an abstract idea because those cases share a common thread—they involved "*an improvement to the*

---

logical connection.

*functionality of the computer or network platform itself*"—something entirely absent here. *Customedia Techs., LLC v. Dish Network Corp*., 951 F.3d 1359, 1365 (Fed. Cir. 2020). In *Enfish, LLC v. Microsoft Corp.*, the court held the claims were patent eligible because they were "directed *to a specific improvement to the way computers operate*" through an "innovative" "self-referential table for a computer database." 822 F.3d 1327, 1331, 1336-37 (Fed. Cir. 2016). Likewise, *Amdocs Ltd. v. Openet Telecom, Inc.* involved "*an unconventional technological solution ... to a technological problem*" in which "generic components operate[d] in an unconventional manner." 841 F.3d 1288, 1300-01 (Fed. Cir. 2016). And *Core Wireless SARL v. LG Elecs.*, involved claims specifically directed to "an improved user interface for computing devices." 880 F.3d 1356, 1362 (Fed. Cir. 2018). Here, in stark contrast, the '928 patent establishes that no specific improvement to computer technology exists. (Ex. 1 at 1:29-2:58.) Rather, there is nothing more than applying an abstract idea to generic computers. "[P]recedent is clear that merely adding computer functionality to increase the speed or efficiency of the process does not confer patent eligibility on an otherwise abstract idea." *Intell. Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015).

Likewise, WSOU's quotations from *DDR* show its inapplicability. *DDR* addressed claims "to overcome *a problem specifically arising in the realm of computer networks*." *DDR Holdings, LLC v. Hotels.com,* 773 F.3d 1245, 1257 (Fed. Cir. 2014). Not so here. The problem described in the '928 patent is about intuitive user preferences for hierarchical organization compared to simple lists. That is purely an organizational problem, not one arising because of technological limitations. In the same vein, *Data Engine* reinforces the ineligibility of the asserted claims. There, the court held that certain claims were patent eligible because they recited "specific steps *detailing [a] method of navigating through spreadsheet pages within a three-dimensional spreadsheet environment* using notebook tabs." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 (Fed. Cir. 2018). More relevant here (and

ignored by WSOU) is the fact that the court also invalidated other claims under § 101 that "generically recite[d] 'associating each of the cell matrices with a user-settable page identifier'" instead of a "specific implementation of a notebook tab interface." *Id.* at 1012. Like the asserted claims here, the invalid claims were "not limited to the specific technical solution and improvement" and "merely recited the method of implementing the abstract idea itself." *Id.*

Rejecting the same strained reliance on the same decisions that WSOU advances in this case, the Federal Circuit aptly summarized:

> [T]o be directed to a patent-eligible improvement to computer functionality, *the claims must be directed to an improvement to the functionality of the computer or network platform itself*. Thus, this inquiry often turns on whether the claims focus on the specific asserted improvement in computer capabilities or . . ., instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool.

*Customedia*, 951 F.3d at 1365. The '928 patent establishes that the latter is the case here.

### B. WSOU's Response Underscores The Absence Of Any Inventive Concept

Google's motion establishes that the asserted claims lack an inventive concept because they implement the abstract idea of using a tree structure to organize information on a generic mobile device. (Dkt. 51 at 22-25.) Tellingly, WSOU never contests that the claims recite standard computer components. When, as here, "a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *BSG Tech*, 899 F.3d at 1290-91. The asserted claims here fall squarely within the rule that "transformation into a patent-eligible application requires 'more than simply stat[ing] the [abstract idea] while adding the words apply it.'" *Alice*, 573 U.S. at 221.

WSOU's various arguments cannot preclude summary judgment. First, WSOU contends that Google "focuses its analysis on individual claim elements and … never actually analyzes the claims as an ordered combination." (Dkt. 52 at 19.) That is demonstrably wrong. Google performed a comprehensive analysis of the claims—both the individual limitations and their collective sum—and

the entirety of the specification along with the prosecution history. (Dkt. 51 at 11-13, 23-25.) Critically, WSOU does not actually identify any inventive concept that supposedly flows from considering the claims as an ordered combination.

Second, WSOU contends that the asserted claims allegedly involve "inventive concepts … allow[ing] for an intuitive structure for the user as well as improved storing and access of information." (Dkt. 52 at 19-20.) Rejecting nearly identical assertions, the Federal Circuit holds that such "argument[s] do[] not explain how the computer's functionality is improved *beyond the inherent improvement of the experience of a user*." *Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1361 (Fed. Cir. 2020). Indeed, WSOU itself recognizes that the asserted claims "provide *the advantage for the user to store* her contact information *according to her own experienced relations* between contacts." (Dkt. 52 at 20 (citing Ex. 1 at 2:9-11).) In these circumstances, the Federal Circuit's reasoning is controlling: "[I]mproving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality." *Customedia*, 951 F.3d at 1365.

Third, WSOU's cursory attorney argument cannot avoid summary judgment. "A statement that a feature 'improves the functioning and operations of the computer' is, by itself, conclusory." *Simio*, 983 F.3d at 1365. That is especially true given that the specification directly refutes WSOU's attorney assertions, emphasizing that claimed tree structure is "an improvement for the user" (Ex. 1 at 1:62-65), *not computer operation*. As the Summary of Invention repeatedly states, the '928 patent's "objective is to provide contact information storage and/or access *in a way that is intuitive to a user*," and an "advantage of this is more feasible *access and storage of contact information in view of the user*." (Ex. 1 at 1:31-43.) The law is well settled that "a court need not accept as true allegations that contradict" the intrinsic record. *Yu*, 1 F.4th at 1046.

Finally, WSOU's cursory attorney arguments also contradict precedent instructing that whether claims "suppl[y] an inventive concept that renders a claim … significantly more 'than an abstract idea to which it is directed *is a question of law*.'" *BSG Tech*, 899 F.3d at 1290. Nor can WSOU's unsubstantiated claims of material issues of fact prevent summary judgment, when WSOU never identifies such issues.

**C. WSOU's Arguments About Claim 2 Miss The Point—An Abstract Idea, However Supposedly Improved, Is Still An Abstract Idea**

WSOU dedicates a large part of its response attempting to distinguish claims reciting a "top logical level comprises links *to* items on a lower logical level" from claim 2, which is the only asserted claim reciting "links *between* at least a higher level item and at least a lower level item." (Dkt. 52 at 8-10.) Yet, this argument is irrelevant to the Section 101 analysis. First, nothing in WSOU's response (or the record) suggests, much less establishes, that a purported distinction for "links *to*" and "links *between*" items somehow renders the idea of using a tree structure to organize information any less abstract under *Alice*'s step one. And despite WSOU's suggestion to the contrary, the specification uses "link to" and "link between" interchangeably, reflecting no difference between the two terms. (Ex. 1 at 3:50-57.) As confirmed by an article that the applicants themselves submitted during prosecution, a link between two items in a tree structure is a fundamental pre-existing idea. (Ex. 2 at 15-16.) Confirming this, the specification does not identify any benefit or novel aspect to bidirectional links nor provide any details as to how they are implemented.

Second, WSOU's "semantic antics," *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 886 (Fed. Cir. 2008), is the very approach that the Supreme Court instructs cannot escape Section 101. The "Court has 'long warn[ed] … against' interpreting § 101 'in ways that make patent eligibility depend simply on the draftsman's art.'" *Alice*, 573 U.S. at 226; *see Cleveland Clinic Found. v. True Health Diagnostics LLC*, 760 F. App'x 1013, 1018 (Fed. Cir. 2019) (affirming patent ineligibility and rejecting

"overly superficial" arguments regarding claim language).

Third, WSOU's suggestion that links "between" higher and lower levels allegedly constitute a new idea is immaterial to patent eligibility because "[e]ven assuming that is true, it does not avoid the problem of abstractness." *Simio, LLC,* 983 F.3d at 1364 (claims cover "maybe a new idea, but still an abstract one"). A "claim for a new abstract idea is still an abstract idea." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016); *see Ultramercial,* 772 F.3d at 716 ("That some of [these] steps were not previously employed in this art is not enough—standing alone—to confer patent eligibility upon the claims."). An arrow pointing in two directions, rather than one, in a tree structure does nothing to make the claim non-abstract. "Adding one abstract idea … to another abstract idea … does not render the claim non-abstract." *RecogniCorp, LLC. V. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017).

## III. CONCLUSION

Google respectfully requests that the Court grant its motion for summary judgment and hold that asserted claims 1-2, 8-9, 13-15, and 19-23 of the '928 patent are invalid under 35 U.S.C. § 101.

Date: August 19, 2021

Respectfully submitted,
*/s/ Tharan Gregory Lanier, with permission by Michael E. Jones*

Tharan Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Patrick C. Clutter (Texas Bar No. 24036374)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
patrickclutter@potterminton.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com

***Attorneys for Defendant Google LLC***